```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|                                            |   |                           |
|--------------------------------------------|---|---------------------------|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | : | CIVIL ACTION NO. 05-666 |
| This Document Relates To:                  | : | MDL DOCKET NO. 1682       |
| DIRECT PURCHASER ACTION                    | : |                           |

<u>ORDER</u>

AND NOW, this 31st day of July, 2006, upon consideration of the motion of plaintiffs (hereinafter "movants") in 3969410 Canada Inc. c.o.b. Park Avenue Hair Salon and Distributech Inc. To Intervene for the Limited Purpose of Seeking Modification to Protective Order (docket entry # 197), plaintiffs' response (docket entry # 200), defendants' response (docket entry # 202), movants' motion for leave to file a reply brief (docket entry # 203), which was superseded by their amended motion for leave to file a reply brief (docket entry # 204), and the reply brief attached to that motion as an exhibit, and the Court finding that:

(a)  Movants are plaintiffs in a class action lawsuit that duplicates this one in the Superior Court of Justice, Ontario, Canada;

(b)  Movants sue the same defendants as in this litigation, and their case will involve similar evidence to that here;

  (c) Under Fed. R. Civ. P. 24(b), movants hope to intervene in this litigation to modify the stipulated protective order that we approved on November 8, 2005;

  (d) Movants hope to obtain discovery materials "provided or to be provided in the future by the defendants," Mov.s' Mot., at 1;

  (e) Plaintiffs consent to movants' request, while defendants oppose it;

  (f) We shall deny the request;

  (g) Under Ontario R. Civ. P. 30.03(1), plaintiffs may not obtain discovery until after the court rules on class certification, the defendants have filed a statement of defense, and the plaintiffs have filed a reply;

  (h) None of these events has occurred in the Canadian action;

  (i) In light of the infancy of the Canadian action, movants themselves concede, "Permitting Movants to obtain access to these materials now will facilitate development of their case at an <u>early stage</u> and will allow them to focus their discovery efforts when <u>discovery begins</u> in Canada," Mov.s' Reply, at 4 (emphasis added);

  (j) Thus, it would appear that movants here seek to bypass the rules of the Canadian court system;

  (k) "Defendants doubtless would like to prevent Movants," they write, "from obtaining any evidence until after class certification some time in 2007 or later, and then require them laboriously to pursue discovery in Canada.  But where is the

justice in that?"  Mov.s' Reply, at 2; and

       (l)   The "justice" lies in comity with courts in a neighboring country that, we are sure, care as much about their laws as we do about ours,

       It is hereby ORDERED that:

       1.   The motion to intervene is GRANTED to the extent of the Court's consideration of movants' motion and filings;

       2.   In all other respects, the motion to intervene is DENIED; and

       3.   The amended motion for leave to file a reply brief is GRANTED.

                                          BY THE COURT:

                                          /s/ Stewart Dalzell, J.

Case 2:05-cv-00666-SD   Document 205   Filed 07/31/06   Page 4 of 4