IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | CIVIL ACTION NO. 05-666 |
| This Document Relates To: DIRECT PURCHASER ACTION | MDL DOCKET NO. 1682 |

ORDER

AND NOW, this 17th day of January, 2008, upon consideration of direct-purchaser plaintiffs' for preliminary approval of the proposed settlement between class plaintiffs and the Akzo defendants (docket entry # 397), defendant Solvay's memorandum in opposition to that motion (docket entry # 401), plaintiffs' memorandum in support of their motion (docket entry # 403), Akzo's memorandum in support (docket entry # 404), Solvay's motion for leave to file a reply (docket entry # 405), the arguments presented by the parties at oral argument on January 11, 2008, and the proposed notification language submitted by the parties (docket entries 421 & 425) and the Court finding that:

(a)  Direct purchaser plaintiffs and the Akzo defendants,[1] with the able assistance of Magistrate Judge Jacob P. Hart, have reached an agreement to settle claims against the Akzo

---

[1] The Akzo defendants are Eka Chemicals Inc., Akzo Nobel Inc., and Akzo Nobel Chemicals International B.V.

defendants for $23,380,000, an amount equal to 11.349% of their U.S. hydrogen peroxide sales during the class period;[2]

(b)  The settlement agreement includes a most-favored nation provision (the "MFN Clause"), that ensures that, if plaintiffs negotiate a settlement with Solvay[3] that amounts to less than 11.349% of Solvay's U.S. hydrogen peroxide sales, Akzo will be entitled to a payment from the class settlement fund that would make its net settlement payment equal to that of Solvay as a proportion of its sales;

(c)  Solvay[4] objects to the proposed settlement, claiming that the MFN clause legally prejudices both Solvay and the Class by precluding a settlement between the Class and Solvay[5];

(d)  It is axiomatic that Solvay lacks standing to raise an objection on behalf of the Class, see In re Fine Paper Litig. State of Washington, 632 F.2d 1081, 1087 (3d Cir. 1980) ("[A] nonsettling party may not object to the terms of a settlement which do not affect its own rights."), so we need only consider

---

[2] The class period, as approved in our Memorandum and Order of January 19, 2007 (docket entry # 272), runs from September 14, 1994 to January 5, 2005.

[3] The clause actually specifies a settlement with any defendant who has been indicted on or pled guilty to charges relating to this case. Solvay is the only such defendant who has not already settled.

[4] "Solvay" refers to defendants Solvay S.A., Solvay America, Inc., and Solvay Chemicals, Inc.

[5] Solvay's sales during the class period are significantly higher than Akzo's.

whether Solvay has standing to raise an objection on its own behalf;

(e) A non-settling defendant may object to a settlement if it shows that it "will suffer some formal legal prejudice as a result of the partial settlement," Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995);

(f) Such formal legal prejudice is present in a settlement that "'purports to strip [the defendant] of a legal claim or cause of action, an action for indemnity or contribution for example,' or to invalidate its contract rights," id. (quoting Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987));

(g) Solvay, of course, has no protected legal right to settle on terms more favorable than those Akzo has agreed to;

(h) Even if Solvay is correct that the MFN Clause makes its own settlement less likely, that does not amount to formal legal prejudice because it does not strip Solvay of any legally protected right;

(i) Based on the notice we approve below, class members will have ample opportunity to object on their own behalf if they believe that the settlement is unfair;

(j) Further, we find that plaintiffs' proposed class notice accurately and neutrally portrays the terms of the settlement -- including the MFN Clause -- and allows plaintiffs, who are sophisticated business entities, to determine whether an objection is warranted;

It is hereby ORDERED that:

1. Solvay's motion for leave to file a reply is GRANTED;

2. Plaintiff's motion to approve the settlement is GRANTED;

3. The Court finds that the proposed settlement with Akzo, as set forth in the Settlement Agreement, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable and adequate to authorize dissemination of notice to the proposed settlement class (the "Settlement Class"), which the Court hereby certifies solely for purposes of the proposed settlement with Akzo as follows:

> All persons or entities, including state, local and municipal government entities (but excluding defendants, their parents, predecessors, successors, subsidiaries, affiliates, as well as federal government entities) who purchased Hydrogen Peroxide, Sodium Perborate, or Sodium Percarbonate in the United States, its territories, or possessions, or from a facility located in the United States, its territories, or possessions, directly from any of the defendants, or from any of their parents, predecessors, successors, subsidiaries or affiliates, at any time during the period from September 14, 1994 to January 5, 2005;

4. The Court approves the form and content of the: (a) Notice of Proposed Partial Settlement of Class Action, Settlement Hearing, and Right to Appear ("Notice"), attached hereto as Exhibit 1; and (b) Summary Notice of Proposed Partial Settlement of Class Action, Settlement Hearing, and Right to Appear ("Summary Notice"), attached hereto as Exhibit 2, upon the condition that the Notice and Summary Notice as distributed

contain the dates, times and addresses set forth in or required by this Order;

5. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States;

6. By January 29, 2008 ("Notice Date"), the Notice shall be mailed by first class mail, postage prepaid, to all members of the Settlement Class identified by defendants. The Notice shall also be provided to all persons who request it in response to the published Summary Notice provided for in Paragraph 7 herein. In addition, copies of the Notice shall be posted on the Internet Web site dedicated to this litigation, www.HydrogenPeroxideAntitrustLitigation.com and Class Counsel shall identify the web address in each Notice that Class Counsel causes to be mailed, provided or distributed pursuant to this Order;

7. By February 15, 2008, or as soon as feasible after the Notice Date, Class Counsel are hereby directed to cause a Summary Notice, in the form attached hereto as Exhibit 2, to be published on one occasion in the National Edition of the Wall Street Journal, ICIS Chemical Business Americas (f/k/a Chemical Market Report), Pulp & Paper Magazine, and Purchasing Magazine;

8. Prior to mailing, providing or distributing any Notice pursuant to Paragraph 6 hereof, and prior to publishing the Summary Notice pursuant to Paragraph 7 hereof, Class Counsel are hereby directed to identify and maintain an address to receive requests from persons and entities seeking to exclude themselves from the Settlement Class.  Class Counsel must identify the address in the Notice and in the Summary Notice;

9. All requests for exclusion from the Settlement Class must be received no later than March 21, 2008, and must otherwise comply with the requirements set forth in the Notice;

10. Any member of the Settlement Class who objects to the settlement must do so in writing.  The objection must include the caption of this case, be signed, and be received no later than April 9, 2008;

11. Each member of the Settlement Class shall retain all rights and causes of action with respect to claims against all defendants other than Akzo, regardless of whether such member of the Settlement Class decides to remain in the Settlement Class or exclude itself from the Settlement Class;

12. Class Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement no later than April 9, 2008;

13. By April 21, 2008, Class Counsel shall cause to be filed with the Clerk of this Court, and served upon counsel for defendants, affidavits or declarations of the person under whose general direction the mailing of the Notice and the publication of

Summary Notice were made, showing that mailing and publication were made in accordance with this Order;

14. The Court will hold a Fairness Hearing at 9:30 a.m. on April 29, 2008 at 601 Market Street, Courtroom 10B, Philadelphia, Pennsylvania 19106, to determine the fairness, reasonableness, and adequacy of the proposed settlement with Akzo. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice to the Settlement Class;

15. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "qualified settlement fund" pursuant to Treas. Reg. § 1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Class Counsel, in accordance with the Settlement Agreement, are authorized to expend funds from the escrow account to pay Taxes, Tax Expenses and notice and administration costs;

16. Heffler, Radetich & Saitta L.L.P., 1515 Market Street, Suite 1700, Philadelphia, PA 19102, is approved to serve as Claims Administrator for the settlement with Akzo; and

17. The litigation by Plaintiffs against Akzo in this Action is hereby stayed, pending further order of the Court.

BY THE COURT:

/s/ Stewart Dalzell, J.