

# KENNY NACHWALTER

Direct Line
(305) 381-7472
E-Mail
wblechman@kennynachwalter.com

1100 MIAMI CENTER
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131-4327
TELEPHONE 305.373.1000
FACSIMILE 305.372.1861
WWW.KENNYNACHWALTER.COM

January 13, 2009

Honorable Stewart Dalzell                                                *Via ECF*
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse, Room 10613
601 Market Street
Philadelphia, PA 19106-1719

Re:   *In Re: Hydrogen Peroxide Antitrust Litigation, MDL No. 1682*
      *Conopco, Inc., et al v. FMC Corporation, et al*
      *Case No: 08-cv-00545 (E.D. Pa.)*
      *Boise Cascade, et al v. FMC Corporation, et al*
      *Case No: 08-cv-03629 (E.D. Pa.)*

Dear Judge Dalzell:

We are writing in response to the January 6, 2008 letter from counsel for the FMC Defendants to the Court regarding the Justice Department's closure of the grand jury.[1]

We concur with the points made in the Class Plaintiffs' letter of January 7, 2008.[2] We write separately merely to extend on one point made in his letter.

The Class Plaintiffs correctly note that, by operation of law, there are a number of reasons that have nothing to do with the merits that explain why the Justice Department

---

[1]   The Arkema Defendants are not Defendants in our clients' cases and, therefore, we are not responding to their letter.

[2]   Further to the Class Plaintiffs' point about FMC witnesses having asserted the Fifth Amendment in response to substantive deposition questions in this case, we note that at the Status Conference on February 20, 2007, FMC told the Court that it did not anticipate that the Fifth Amendment issue would come up in this case. *See* Hrg. Tr. at 13.

TENNESSEE OFFICE
215 WEST BROADWAY STREET, SUITE D
ROGERSVILLE, TENNESSEE 37857-3280
TELEPHONE 423.272.5300
FACSIMILE 423.272.4961

TEXAS OFFICE
ONE CONGRESS PLAZA
111 CONGRESS AVENUE, SUITE 1060
AUSTIN, TEXAS 78701
TELEPHONE 512.480.8023
FACSIMILE 512.480.8037

WASHINGTON SATELLITE OFFICE
1101 PENNSYLVANIA AVENUE, N.W., 6TH FLOOR
WASHINGTON, D.C. 20004-2436
TELEPHONE 202.756.4373
FACSIMILE 202.756.7323

**Honorable Stewart Dalzell**  **January 13, 2009**
**Page 2**

decides not to prosecute a company. The *Vitamins* and *High Fructose* decisions are leading authorities on this point in the cartel context. The Class Plaintiffs also correctly note that the legal standard to prosecute and convict in a criminal case is plainly different, and more rigorous, than the preponderance of the evidence standard in this civil antitrust case.

Consistent with the foregoing points, there are civil antitrust cases in which juries have found a company liable for violating the antitrust laws although the company had not been criminally prosecuted and its co-conspirators had been. For example, in *Vitamins*, DuCoa L.P. pled guilty to conspiring to fix prices of choline chloride, also known as Vitamin B4. *See* Plea Agreement, *United States v. DuCoa L.P.*, September 30, 2002, at http://www.usdoj.gov/atr/cases/f200300/200380.htm. The class plaintiffs sued and later went to trial against DuCoa, its general partner DCV, and Mitsui & Co., Ltd. and Mitsui & Co. (USA) for conspiracy to fix prices of Vitamin B4. Neither DCV, Mitsui & Co., Ltd. nor Mitsui & Co. (USA) were criminally prosecuted by the Government regarding the Vitamin B4 conspiracy. At the conclusion of the civil trial, the jury returned a verdict for the class plaintiffs and against DuCoa, DCV, Mitsui & Co., Ltd. and Mitsui & Co. (USA), and awarded actual damages in excess of $49,000,000 before trebling. *See Vitamins*, Case No. 1:99-mc-00197 (TFH), Docket No: 4451, Jury Verdict (D.D.C. June 13, 2003). In the *Hydrogen Peroxide* case, as in *Vitamins*, there are companies which have pled guilty and others which have not been criminally prosecuted but nevertheless are alleged in civil antitrust cases to be co-conspirators.

The experience in *Vitamins* is a helpful reminder that a guilty plea merely defines the minimum parameters of a conspiracy; and the Government's decision not to criminally prosecute a company for involvement in a cartel does not mean the company had no actionable involvement in the conspiracy for which it is liable in a civil antitrust action. Just as plaintiffs in cartel cases should use care not to attach greater meaning to a criminal plea than may be warranted, so too should defendants not proclaim a Government non-prosecution to mean either more than it does or something that it does not.

Respectfully,

William J. Blechman
Counsel for Plaintiffs

WJB:mb

281020.1

**KENNY NACHWALTER, P.A.**