IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION**

**THIS DOCUMENT RELATES TO: INDIRECT PURCHASER ACTIONS**

**Civil Action No. 05-666**

**MDL Docket No. 1682**

**CLASS ACTION**

# MOTION FOR ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING

Plaintiff, individually and on behalf of all others similarly situated, and Defendants Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc. (collectively referred to herein as "Solvay") announce to the Court that through counsel, the parties have reached a settlement. (A copy of the executed Settlement Agreement and Release ("Agreement") is attached hereto as Exhibit 1).

In accordance with the terms of the Agreement and the terms of the proposed Order granting preliminary approval of the proposed Settlement, Plaintiff respectfully moves the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order granting preliminary approval of the proposed Settlements, directing notice thereof to settlement class members and scheduling a final approval hearing ("Fairness Hearing"). (A copy of a [Proposed] Order granting preliminary approval of the Settlement is attached as Exhibit 1 to the Agreement).

The Proposed Order provides for the certification of the Settlement Class, fair and reasonable notice to the Settlement Class regarding the Settlement, the scheduling of a hearing on the fairness and adequacy of the Settlement and related matters. (A copy of the Form of Notice is attached as Exhibit 3 to the Agreement). If granted final approval by the

Court, the proposed Final Judgment would resolve all claims made by Plaintiff and the Settlement Class in this litigation. (A copy of the proposed Final Judgment is attached as Exhibit 2 to the Agreement).

**WHEREFORE**, Plaintiff moves the Court to enter an Order granting preliminary approval of the proposed settlement, certifying the proposed Settlement Class, approving the form and manner of class notice and setting a hearing on the fairness of the Settlement.

Respectfully submitted, this ____ day of ~~April~~ June, 2009.

Francis O. Scarpulla
ZELLE HOFFMAN VOEBEL MASON
& GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Tel.: 415-693-0700
Fax: 415-693-0770

Gordon Ball, TN BPR # 001135
BALL & SCOTT LAW OFFICES
Suite 601, Bank of America Center
550 Main Street
Knoxville, TN 37902
Tel.: 865-525-7028
Fax: 865-525-4679

William H. Parish
PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207
Tel.: 209-952-1992
Fax: 209-952-0250

*Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that on the __ day of ~~April~~ June, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

______________________________

**EXHIBIT 1**
**TO MOTION FOR ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING**

**EXECUTION VERSION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION** | **Civil Action No. 05-666**<br><br>**MDL Docket No. 1682** |
| **THIS DOCUMENT RELATES TO: INDIRECT PURCHASER ACTIONS** | **CLASS ACTION** |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made and entered into as of this ______ day of April, 2009 (the "Execution Date"), by and between defendants Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc. (collectively referred to herein as "Solvay") and indirect purchaser plaintiff class representatives (collectively, "Plaintiffs"), both individually and on behalf of a class of purchasers of Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate who purchased those products in the United States indirectly from any defendant (or any of their subsidiaries or affiliates) named in the Second Consolidated Amended Class Action Complaint, as amended by Order entered February 6, 2006 (the "Complaint") in the above-captioned action (the "Action");

WHEREAS, Plaintiffs are prosecuting the Action on their own behalf and on behalf of the Classes (as defined below) against, among others, Solvay;

WHEREAS, Plaintiffs allege that Solvay participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Hydrogen Peroxide (as defined below to include Sodium Perborate and Sodium Percarbonate) in the United States at artificially

high levels, and/or to allocate markets and customers for the sale of Hydrogen Peroxide in the United States;

WHEREAS, Solvay denies all of Plaintiffs' allegations and denies any violations of law;

WHEREAS, arm's-length settlement negotiations have taken place between Class Counsel (as defined below) and counsel for Solvay, and this Agreement has been reached as a result of those negotiations;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement with Solvay according to the terms set forth below is in the best interest of Plaintiffs and the Class;

WHEREAS, the Action will continue against those defendants that are not Releasees (as defined herein);

WHEREAS, Solvay, despite its belief that it has good defenses to the claims alleged, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation; and

WHEREAS, Solvay has agreed to cooperate with Plaintiffs as set forth in this Agreement, and therefore, will save Plaintiffs the substantial burden and expense of litigation; and

NOW, THEREFORE, in consideration of the promises, mutual promises, covenants, agreements and releases set forth herein and for other good and valuable consideration, and incorporating the above recitals herein, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits and with prejudice as to Solvay and all other Releasees, without costs as to Plaintiffs, the

Classes, or Solvay, subject to the approval of the Court, on the following terms and conditions.

## A. Definitions

The following terms, as used in this Agreement, have the following meanings:

1. "Action" means the above captioned case, which is currently pending in the United States District Court for the Eastern District of Pennsylvania.

2. "Claims" shall mean any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies, which are related to the subject matter of the Action.

3. "Classes" means, for purposes of settlement under this Agreement, the classes defined in paragraph 60 of the Second Consolidated Amended Class Action Complaint, as amended by Order entered on February 6, 2006, on file herein.

4. "Class Counsel" shall refer to the law firms of: Zelle, Hofmann, Voelbel, Mason & Gette, LLP, 44 Montgomery Street, Suite 3400, San Francisco, California 94104; Ball & Scott, 550 Main Avenue, Suite 601, Knoxville, Tennessee; Parish & Small, APLC, 1919 Grand Canal Blvd., Suite A-5, Stockton, California 95207.

5. "Class Member" means each member of any of the Classes who does not timely and validly elect to be excluded from the Classes.

6. "Class Period" means the period from and including September 14, 1994 up to and including January 5, 2005.

7. "Court" means the United States District Court for the Eastern District of Pennsylvania.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

9. "Effective Date" means the date on which all of the events identified in paragraph 26, describing the final judgment, have occurred and means the date on which this Agreement becomes final.

10. "Trust Account" shall mean the client trust account of Parish & Small at Community Business Bank, which will hold in trust, pending a Court Order governing its distribution, the Settlement Fund in fully insured certificates of deposit issued under the Certificate of Deposit Account Registry Service program, as described in the separate letter provided to counsel for Solvay by Class Counsel, which is attached as Exhibit 1.

11. "Hydrogen Peroxide" means a clear colorless inorganic liquid used primarily as a bleach or oxidizer. Hydrogen Peroxide is sold in aqueous solutions, typically 35%, 50%, or 70% by weight, in different grades or formulations specifically tailored for enhanced performance in a particular application of the product. Hydrogen Peroxide is used to manufacture Sodium Perborate and Sodium Percarbonate. Unless otherwise noted, as used in this Agreement the term "Hydrogen Peroxide" includes Sodium Perborate and Sodium Percarbonate.

12. "Plaintiffs" mean the named plaintiffs in the Action.

13. "Preliminary Approval Date" means the date on which the Court enters an order granting preliminary approval to this Agreement.

14. "Released Claims" shall refer to the claims described in paragraph 27 of this Agreement.

15. "Releasees" shall refer jointly and severally, individually and collectively, to Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc.; their respective direct and indirect parents, subsidiaries, affiliates, divisions, and partners, their respective past and present officers, directors, members of any supervisory board or board of management, employees, agents, attorneys, servants, representatives of each of the aforesaid entities, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. Notwithstanding any part of the foregoing, however, for purposes of this Agreement, "Releasees" does not include any of the entities identified in Exhibit 2 to this Agreement or any entity that, on or before the Execution Date, is or was a subsidiary or affiliate of an entity identified in Exhibit 2. As used in this definition, "affiliates" means entities controlling, controlled by or under common control with a Releasee or with any entity identified in Exhibit 2. Releasees shall not include any person who is determined by Class Counsel to have affirmatively refused to comply with a reasonable request by Class Counsel, properly made under the terms of this Settlement Agreement, that the person testify substantively without invocation of his or her right against self incrimination concerning alleged anticompetitive behavior relating to Hydrogen Peroxide, Sodium Perborate, or Sodium Percarbonate.

16. "Releasors" shall refer jointly and severally, and individually and collectively to the Plaintiffs and Class Members and their respective past and present parents, subsidiaries, successors, affiliates, agents, and attorneys. As used in this

definition, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

17. "Settlement Amount" means Two-million, one-hundred-thousand dollars ($2,100,000.00) in United States currency.

18. The "Settlement Fund" shall be the amount paid by Solvay in settlement of the Action pursuant to paragraph 29 of this Agreement and any income earned on amounts in the Fund.

19. "Sodium Perborate" means a white, odorless, water-soluble chemical compound. Sodium Perborate serves as a source of active oxygen in many detergents, cleaning products, and laundry bleaches. Sodium Perborate also is present in some tooth bleaching formulas. Sodium Perborate has antiseptic properties and can act as a disinfectant.

20. "Sodium Percarbonate" means a white crystalline water-soluble chemical compound. Sodium Percarbonate is an ingredient in a number of home and laundry cleaning products. Sodium Percarbonate dissolves into water rapidly to release oxygen and provides powerful cleaning, bleaching, stain removal and deodorizing capabilities. Sodium Percarbonate is effective as a disinfectant on both bacteria and viruses.

## B. Stipulation to Settlement Class Certification

21. The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied in this case, and, subject to Court approval, the following classes shall be certified for settlement purposes as to Solvay:

(a) Arizona Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Arizona from September 14, 1994 through January 5, 2005.

(b) California Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in California from September 14, 1994 through January 5, 2005.

(c) Nebraska Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Nebraska from September 14, 1994 through January 5, 2005.

(d) Tennessee Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Tennessee from September 14, 1994 through January 5, 2005.

(e) Vermont Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Vermont from September 14, 1994 through January 5, 2005.

(f) California Public-Entity Class: All public entities that indirectly purchased Hydrogen Peroxide in California from September 14, 1994 through January 5, 2005.

The classes identified in subparagraphs (a) through (e) above all exclude public entities; Defendants; entities in which Defendants have a controlling interest; Defendants' employees, officers, directors, or attorneys; Defendants' legal representatives, heirs, successors, or assigns; and judicial officers and jurors who may hear the case.

## C. Approval of this Agreement, Notice, and Dismissal of Claims

22. Plaintiffs and Solvay shall use their best efforts to effectuate this Agreement, including cooperating in Plaintiffs' effort to obtain the Court's approval of procedures (including the giving of class notice under Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure) to secure certification of the Class for settlement purposes and the prompt, complete, and final dismissal with prejudice of the Action as to Solvay.

23. Within thirty (30) calendar days after the Execution Date of this Agreement, Plaintiffs shall submit to the Court a motion for preliminary approval of the Settlement and the final judgment contemplated by this Agreement and for a stay of all

proceedings in the Action against Solvay until the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters the final judgment. The motion shall include (a) the proposed form of order preliminarily approving this Agreement; (b) the proposed forms of mail notices and publication notices of the Settlement to Class Members; and (c) the proposed form of order and final judgment. Plaintiffs may combine dissemination of notices of the proposed certification of the Classes for settlement purposes and the Agreement with notices of other settlement agreements. The text of the items referred to in clauses (a), (b) and (c) above shall be agreed upon by Plaintiffs and Solvay before submission of the motion.

24. Notice to the Classes and Class Members shall be given as follows:

(a) Upon preliminary approval of this Agreement, Class Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's order, provide those members of the Classes who have been identified by reasonable means with notice by first class mail of the settlement and the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of the proposed settlement (the "Settlement Hearing").

(b) In order to facilitate mailed notice, Solvay shall provide to Class Counsel, within ten (10) business days of execution of this Agreement, a machine-readable version of its United States customer mailing list for Hydrogen Peroxide for the time period covered by the Class definition, insofar as such a list is reasonably available, which will be subject to any applicable protective order already or hereafter entered in the Action.

(c) Notice shall be given in the manner approved by the Court.

(d) Notice shall provide that if the Court approves the Settlement, following the Settlement Hearing, Class Counsel shall propose a plan for distribution of the Settlement Fund among Class Members. Class Counsel shall retain the discretion to delay moving for the Court's approval of the plan of distribution until such time as, in Class Counsel's discretion, the circumstances of the litigation, including the stage of proceedings, make it efficient to make such distribution.

25.   Plaintiffs shall seek entry of an order and final judgment:

(a)   as to the Action, approving finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rule of Civil Procedure, and directing its consummation according to its terms;

(b)   directing that, as to Solvay, including any Releasees, the Action be dismissed with prejudice and without costs;

(c)   reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement;

(d)   determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Solvay shall be final and appealable and entered forthwith; and

(e)   requiring Class Counsel to file with the Clerk of the Court a record of potential members of the Classes for settlement purposes who timely and validly excluded themselves from the Classes, and to provide a copy of the record to counsel for Solvay.

26.   This Agreement shall become final only when: (a) the Court has entered a final order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Solvay with prejudice as to all Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) of this paragraph has expired or, if appealed, approval of this Agreement and the final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Effective Date"). It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. §1651, shall be taken into account in determining the above-stated times.

**D. Release and Discharge**

27. Upon the occurrence of the Effective Date and in consideration of the payment by Solvay of the Settlement Amount, as specified in paragraph 29 of this Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, damages, and liabilities of any nature – including without limitation claims for costs, expenses, penalties, and attorneys' fees – whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have directly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, on account of or arising out of or resulting from the purchase, indirectly, of Hydrogen Peroxide in the States referenced in paragraph 21 during the Class Period or from any conduct regardless of where it occurred at any time prior to the Effective Date concerning the pricing, selling, discounting, marketing, manufacturing, or distributing of Hydrogen Peroxide in the States defined in the Class, based in whole or in part on the facts, occurrences, transactions, or other matters alleged in the Complaint filed in the Action or otherwise the subject of this litigation, which arise under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. §1 et seq., and California Business and Professions Code §17200 et seq. and similar provisions in other states (the "Released Claims"). However, nothing herein shall release any claims (a) arising under the laws of a foreign jurisdiction solely with respect to Hydrogen Peroxide indirectly purchased from Releasees outside of the United States and produced at a plant

outside the United States or (b) involving any product defect, breach of contract, or similar commercial claim, if any, between any of the Releasees and any of the Releasors relating to Hydrogen Peroxide. The foregoing release of claims shall not apply to any person who is determined by Settlement Class Counsel to have affirmatively refused to comply with a reasonable request by Settlement Class Counsel, properly made under the terms of this Settlement Agreement, that the person testify without invocation of his or her right against self incrimination concerning alleged anticompetitive behavior relating to Hydrogen Peroxide, Sodium Perborate, or Sodium Percarbonate. With respect to former Solvay officers Gary Hall, Robert Monsen, and Jean-Marie Demoulin specifically, Messrs. Hall, Monsen and Demoulin shall only obtain the benefit of the Release contained in this paragraph if they provide such cooperation to Plaintiffs as set forth in this Agreement.

28. The Releasors shall not after the Effective Date seek to institute, maintain, prosecute or continue to maintain or prosecute any suit, action or other proceeding, or collect from or proceed against the Releasees or any of them, based on the Released Claims. Plaintiffs and Class Counsel acknowledge that Solvay considers it to be a material term of this Agreement that the provisions of this paragraph 28, among other paragraphs, will bind all Class Members.

**E. <u>Payments</u>**

29. <u>Settlement Payments</u>. Solvay shall pay or cause to be paid the Settlement Amount of Two million one hundred thousand dollars and no cents ($2,100,000.00). This amount shall be wire transferred by Solvay or its designee within five (5) business days after the Execution Date into the Trust Account pursuant to the following wire transfer instructions:

| | |
|---|---|
| Recipient Bank Name: | Pacific Coast Bankers' Bank |
| Bank Address: | 340 Pine Street, Suite 401<br>San Francisco, CA 94104<br>Telephone: (888) 399-1912 |
| ABA Routing No.: | 121042484 |
| Beneficiary's Name: | For further benefit to: Community Business Bank |
| Bank Address: | 1550 Harbor Blvd, Ste. 200<br>West Sacramento, CA 95691<br>Telephone: (916) 830-3560 |
| Credit to Acct. No.: | 121144191 |
| Special Instructions: | Parish & Small, A Professional Law Corporation<br>Client Trust Account<br>1919 Grand Canal Blvd., Ste. A-5<br>Stockton, CA 95207<br>Telephone: (209) 952-1992 |
| Credit to Acct. No. | 202000931 |

The Trust Account shall be administered in accordance with the provisions of this Agreement and no distribution shall be made from the Trust Account without prior Court Order. The Settlement Amount shall not be subject to further reduction on account of exclusions from the Class. Solvay shall have no payment obligation other than payment of the Settlement Amount set forth in this paragraph.

30. Attorneys' Fees, Costs, and Expenses. Class Counsel may at an appropriate time, determined in their sole discretion, submit a motion seeking approval of the payment of attorneys' fees from the Settlement Fund. Solvay shall have no obligation to pay any amount of Class Counsel's attorneys' fees, or the costs or expenses of litigation for the Class. Solvay shall not file any objection to Class <e>Counsel<s>'**s** request for attorneys' fees, costs, and/or expenses, provided that such request shall not increase the amount payable by Solvay pursuant to this Agreement.

## F. Settlement Fund

31. The Settlement Fund is intended by the parties to this Agreement to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas.

Reg. §1.468B-1, and to that end the parties to this Agreement shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of Solvay, a "relation back election" as described in Treas. Reg. §1.468B-1(j) shall be made so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible, and the parties shall take all actions as may be necessary or appropriate to this end.

32. Before the Effective Date of this Agreement, disbursement for expenses associated with administering the settlement, providing notice of settlement to the Class, and any payments and expenses incurred in connection with taxation matters relating to the settlement and this Agreement (as addressed by Section I of this Agreement), may be made from the Settlement Fund. Such amounts shall not be refundable to Solvay in the event Agreement is disapproved, rescinded, or otherwise fails to become effective.

33. The Settlement Fund shall be deposited in the Trust Account and invested in certificates of deposit issued under the Certificate of Deposit Account Registry Service program. All income earned on the Settlement Fund shall become and remain part of the Settlement Fund.

34. Solvay shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution and administration, except as expressly otherwise provided in this Agreement.

35. Plaintiffs and Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past,

current, or future litigation expenses. No attorneys' fees or expenses shall be paid to Class Counsel prior to the Effective Date. Solvay shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees and expenses as approved by the Court may be paid out of the Settlement Fund after the Effective Date except as provided in paragraph 32.

**G. <u>Rescission</u>**

36. If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in paragraph 26 of this Agreement, or if the Court enters the final judgment and appellate review is sought and, on such review, such final judgment is not affirmed, then Solvay and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety and any and all amounts then constituting the Settlement Fund (including all income earned thereon) shall be returned forthwith to Solvay, less only such disbursements properly made in accordance with this Agreement. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court or any plan of allocation of the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

37. Solvay and Plaintiffs expressly reserve all of their rights if this Agreement does not become effective or if it is rescinded by Plaintiffs or Solvay pursuant to paragraph 36 of this Agreement. Further, Plaintiffs and Solvay agree that this Agreement, whether or not it is finally approved and whether or not Solvay or Plaintiffs elect to rescind it under paragraph 36 of this Agreement, and any and all negotiations,

documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by any defendant, or of the truth of any of the claims or allegations contained in the Complaint or any other pleading filed by Plaintiffs in the Action, and evidence thereof shall not be discoverable nor used directly or indirectly except in a proceeding to enforce or interpret the Agreement.

**H. Cooperation**

38. As set forth in this Section H of the Agreement, Solvay agrees to provide certain cooperation to Class Counsel with respect to discovery and gathering evidentiary materials related to Plaintiffs' claims in the Action. Class Counsel and Solvay agree to meet and confer about the timing, scope and nature of all cooperation provided herein. Solvay's obligations to cooperate under this Agreement shall not begin until ten (10) business days after the Execution Date. Class Counsel agree that they will use their best efforts to coordinate requests for discovery from Solvay under this Agreement with any discovery requests by any opt-outs or other Class or non-Class plaintiffs, in order to lessen the burden on Solvay from responding to uncoordinated discovery requests in this Action.

39. In connection with its provision of information, testimony, and Documents under this Agreement, Solvay shall have the right to assert the attorney-client privilege, attorney-work product protection, joint defense or any other protection available under applicable law. Solvay also shall have the right to designate any information, testimony, or Documents provided as "Confidential" or "Highly Confidential" in accordance with the Protective Order entered in the Action. Any such designations shall survive the

termination or rescission of this Agreement, and shall continue to enjoy the fullest protections offered by the Protective Orders.

40.    It is understood and agreed that all Documents and information provided by Solvay to Plaintiffs and/or Class Counsel under this Agreement shall be used only in connection with the prosecution of the claims in the Action and shall not be used (directly or indirectly) for any other purpose. The scope of Solvay's cooperation shall be co-extensive with all matters relevant to the allegations in the Complaint, except that, regarding Documents, it is limited to an alleged unlawful conspiracy to fix, raise, maintain or stabilize the price, allocate markets or customers, or restrict output or capacity of Hydrogen Peroxide in the United States during the Class Period, provided that Solvay shall produce copies of all pre-existing business Documents produced to or seized by the European Commission without geographical limitation. Solvay shall not be required as part of its cooperation under this Agreement to provide Documents relating to the sale, pricing, marketing, markets, customers, capacity or production of Hydrogen Peroxide outside the United States, except for pre-existing business Documents produced to the European Commission.

41.    Documents provided by Solvay pursuant to this Agreement that could be obtained by Plaintiffs by a request for production of Documents under Rule 34 of the Federal Rules of Civil Procedure and transcripts of depositions of present or former directors, officers, or employees of Solvay taken pursuant to the terms of this Agreement may be disclosed by Plaintiffs only to the extent that disclosure is permitted under the terms of any applicable Protective Order. It is understood and agreed that Plaintiffs and Class Counsel will not use or disclose any information or Documents provided by

Solvay, including, but not limited to, communications from Solvay's counsel, to any person, including, but not limited to, persons that have excluded themselves from the Classes and counsel for such excluded persons without Solvay's express written consent, which consent shall not be unreasonably withheld. Notwithstanding the preceding sentence, Class Counsel may utilize the information for the prosecution of this Action. Moreover, nothing in this Agreement shall impose any new, different or extended document retention obligations upon Solvay.

42. Nothing in this Agreement shall be construed to require Solvay or any present or former officer, director, or employee of Solvay to perform any act, including the transmittal or disclosure of any information, which would violate any federal, state, **or** local privacy law, or any law of a foreign jurisdiction.

43. Nothing in this Agreement is intended or shall be interpreted to prevent any present or former officer, director or employee of Solvay from asserting, where appropriate, whether during an interview, deposition, or any other context in which Solvay has agreed to provide cooperation, any Fifth Amendment privilege against self-incrimination or any attorney-client or other privilege held by such person in his or her individual capacity. However, as set forth in paragraph 27, former Solvay officers Gary Hall, Robert Monsen and Jean-Marie Demoulin shall only obtain the benefits of the Release contained in this Agreement if they cooperate with Plaintiffs as contemplated by paragraphs 45 through 48 of this Agreement.

44. A material factor influencing Solvay's decision to settle this Action is its desire to limit the burden and expense of this litigation. Accordingly, Class Counsel agree to exercise good faith in seeking cooperation from Solvay pursuant to the

provisions of this Agreement and to avoid seeking information that is unnecessary, cumulative or duplicative and agree otherwise to avoid imposing undue or unreasonable burden or expense on Solvay.

45. Interviews and Depositions. Solvay agrees to make available to Class Counsel, for Class Counsel's inspection, summaries of all Solvay witness interviews conducted by Direct Purchaser Class Counsel prior to the execution of this Settlement Agreement. In addition, upon reasonable notice, Solvay agrees to use reasonable efforts to make available for an interview or deposition, at a location of its choice, with Class Counsel and/or Class Counsel's experts up to three (3) persons whom Class Counsel reasonably and in good faith believe to have knowledge regarding Plaintiffs' claims as alleged in the Action. An "interview" for purposes of this paragraph shall be conducted on no more that two occasions and shall last no more than seven (7) hours total per person. A "deposition" for purposes of this paragraph shall last no more that seven (7) hours total per person, not including breaks. Written notice served by Class Counsel upon Solvay's counsel shall constitute sufficient service of notice by the Class of any deposition requested under this paragraph. If any person refuses to cooperate under this paragraph, Solvay shall use all reasonable efforts to make such person available. Depositions shall be administered according to the rules and limitations of the Federal Rules of Civil Procedure (United States), regardless of the location at which they take place or the citizenship of the deponent. If the fact discovery period has ended and a witness becomes available, Solvay will join with Plaintiffs in applying to the Court for permission to take the depositions after the discovery period has ended.

46. Trial Witnesses. Upon reasonable notice, Solvay agrees to make reasonable efforts to make available to Class Counsel at trial up to five (5) witnesses (who may be current or former directors, officers or employees of Solvay) who Class Counsel, in consultation with counsel for Solvay, reasonably and in good faith believe to have knowledge regarding Plaintiffs' claims as alleged in the Action. Written notice served by Class Counsel upon Solvay's counsel shall constitute sufficient service of notice of any trial testimony required under this paragraph unless the witness is represented by separate counsel. If any person refuses to cooperate under this paragraph, Solvay shall use all reasonable efforts to make such person available for trial testimony. Solvay agrees to bear any reasonable expenses incurred by witnesses pursuant to this paragraph.

47. It is understood and agreed that the total number of persons who Class Counsel can request be made available pursuant to this Agreement for interviews, depositions, and/or trial testimony shall be no more than five (5).

48. Efforts as to Former Directors, Officers, and Employees. With respect to all former directors, officers and employees, Solvay shall make all reasonable efforts to have such former directors, officers and employees appear for interviews, depositions, and/or trial testimony under the same conditions provided under this Agreement for the current directors, officers and employees of Solvay. Any former directors, officers and employees made available under this paragraph shall be made available at a mutually agreeable time and place, except with respect to trial testimony, which shall be provided in the United States. The failure of any former director, officer or employee of Solvay to agree to make himself or herself available for an interview, deposition, and/or trial

testimony or otherwise cooperate with Plaintiffs or Class Counsel shall not constitute a breach of Solvay's obligations under this Agreement.

49. Production of Documents. Plaintiffs agree that Solvay shall not be required to produce any Documents subject to the attorney-client privilege, attorney-work product protection, joint defense or any other protection under applicable law, including, but not limited to, protections imposed by the European Commission or any other foreign jurisdiction, unless the Court determines that the claim of privilege or the protection is invalid. Beginning within twenty (20) business days after the Execution Date, Solvay shall, to the extent not previously produced, promptly produce to Class Counsel the following categories of Documents, to the extent such Documents are in its possession, custody, or control:

(a) copies of all price announcements for Hydrogen Peroxide in the United States from January 1, 1994 through December 31, 2006;

(b) copies of all Documents produced to the U.S. Department of Justice in connection with its investigation of the Hydrogen Peroxide industry; and

(c) copies of all pre-existing business Documents produced to the European Commission without geographical limitation.

(d) copies of all discovery conducted in either the direct or indirect actions in the possession of Solvay through the Execution Date, including copies of all depositions of all witnesses in Solvay's possession. (Nothing in this subsection shall obligate Solvay to re-produce discovery produced by other parties.)

50. Solvay agrees that promptly after the Execution Date, its counsel will meet with Class Counsel to discuss additional Documents or categories of Documents Class Counsel reasonably believes that they need for the prosecution of the Claims alleged in the Action, subject to the limitations on the scope of production of Documents as provided in this Agreement, and further agrees that it will produce, in response to

reasonable and specific requests, and within a reasonable time frame, Documents responsive to those requests. To the extent that the parties agree that Solvay will produce additional Documents, Solvay shall not be required to produce any such documents that may be located outside the United States until twenty (20) business days after the Preliminary Approval Date or sixty (60) business days after the Execution Date, whichever is earlier. Before making any request for additional Documents under this paragraph, Class Counsel agree that they will meet and confer with Solvay's counsel for the purpose of facilitating cooperation and minimizing any burden on Solvay. Wherever feasible, counsel for the parties to this Agreement shall agree to reasonable custodial and other limitations on the document-production obligations enumerated in this paragraph.

51. Solvay's obligations to produce documents as provided in this Agreement shall apply only to documents in Solvay's possession, custody or control. Solvay makes no representation that it has a complete set of records within the categories set forth in this Agreement.

52. If any document<~~s~~> or information protected by the attorney-client privilege and /or the work product doctrine is accidentally or inadvertently produced, this document or information shall promptly be returned to Solvay, and its production shall in no way be construed to have waived<~~the~~> any privilege or protection attached to such document or information.

53. For any Documents withheld from production pursuant to: (1) the attorney-client privilege; (2) the work-product doctrine; (3) joint-defense privilege, and/or (4) any privacy law or other rule of a foreign jurisdiction protecting such Documents, Solvay shall provide a privilege log describing such Documents in sufficient

detail so as to explain the nature of the privilege asserted or the basis of any privacy law or other rule protecting such Documents. Solvay agrees that its counsel will meet with Class Counsel as is reasonably necessary to discuss such Documents and any applicable privilege or protection.

54. Nothing in this Agreement shall be construed to require Solvay to produce any documents to the extent that such production is prohibited or limited by any court order that has been or will be entered in the Action.

55. Authentication and Admissibility of Documents. Solvay agrees to produce at trial, deposition, and/or through affidavits or declarations consistent with Federal Rules of Evidence 902(11)-(12), qualified representatives of its choice at a reasonable time and place to establish for admission into evidence any of Solvay's documents, Solvay's electronic transactional data, or any other Solvay material produced or to be produced in this Action.

56. Meetings with Counsel. Solvay agrees that its counsel will meet as is reasonable and necessary with Class Counsel, to provide general information relating to the allegations in this Action (without disclosing any information obtained as a result of disclosures under any joint defense agreement in the Action) and to assist Class Counsel and Plaintiffs' experts in understanding and utilizing transactional and cost data produced by Solvay. The first such meeting between Solvay's counsel and Class Counsel shall be scheduled to take place no less than ten (10) business days after the Execution Date, at a time and place agreed upon by the parties. Plaintiffs and Class Counsel agrees that they shall not disclose such statements, whether in verbatim, summary, or any other form, without Solvay's express written consent. The parties and their counsel further agree that

any statements made by counsel for Solvay under this paragraph shall be protected by the Federal Rule of Evidence 408, and shall in no event be discoverable by any person, treated as evidence of any kind, or used for any purpose unless set forth herein. However, Class Counsel may utilize information contained in such statement in the prosecution of the Action without attributing the source of this information.

57. Coordination of Discovery. Solvay agrees that it shall take no position on whether Class Counsel may move on a quantum meruit basis against any other parties in actions filed in the United States concerning the pricing, selling, discounting, marketing, manufacturing or distributing of Hydrogen Peroxide in the United States. Solvay shall coordinate with Class Counsel concerning interviews, declarations, affidavits, depositions, Document<s> production and authentication of Documents as set forth in this Section H. Solvay agrees that in the event that it provides to counsel for any other party in this Action any information not already provided to Class Counsel, it will promptly provide that information to Class Counsel.

58. Solvay's obligations to cooperate shall not be affected by the release set forth in this Agreement. Unless this Agreement is rescinded or otherwise fails to take effect, Solvay's obligations to cooperate under this Agreement shall continue until the date that final judgment has been rendered in the Action against all defendants, and shall terminate at that time.

59. Except for good cause shown, after the Execution Date, unless this Agreement is rescinded pursuant to the provisions of paragraph 36 the provisions set forth in this Section H shall constitute the exclusive means by which Plaintiffs and Class Counsel may seek discovery from Solvay or its current or former officers, directors, or

employees, and Plaintiffs and Class Counsel shall pursue no other means of seeking discovery against Solvay or its current or former officers, directors, or employees, whether under the Federal Rules of Civil Procedure or the laws or rules of any other jurisdiction; provided, however, that Plaintiffs and Class Counsel may participate in and obtain discovery initiated by other parties in this Action.

**I. Taxes**

60. Class Counsel shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund. Solvay shall have no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement is not consummated and the Settlement Fund is returned to Solvay. In the event the settlement is not consummated, Solvay shall be responsible for the payment of all taxes (including any interest or penalties), if any, on said income. Solvay makes no representation to Plaintiffs regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

J. **Miscellaneous**

61. This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member against any former or current defendants or alleged co-conspirator or any other person or entity other than the Releasees. All rights of any Class Members against former or current defendants or co-conspirators or any other person or entity other than the Releasees are specifically reserved by Plaintiffs and the Class Members. The sales of Hydrogen Peroxide by Solvay in the United States shall, to the extent permitted and/or authorized by law, remain in the Action as a basis for damage claims against current or future defendants and shall be part of any joint and several liability claims against those defendants or other persons or entities other than the Releasees.

62. Each Releasor waives California Civil Code Section 1542 and similar provisions in other states. Plaintiffs hereby certify that they are aware of and have read and reviewed the following provision of California Civil Code Section 1542 ("Section 1542"): "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The provisions of the release set forth above shall apply according to their terms, regardless of the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of this paragraph, but each Releasor hereby expressly and fully, finally and forever waives, relinquishes, and forever settles and releases any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar or comparable present or future law or principle of law of any

jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other or different facts.

63.     This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the parties hereto with respect to the subject matter of this Agreement except for the separate letter provided for in paragraph 10.

64.     This Agreement may be modified or amended only by a writing executed by Plaintiffs and Solvay and, after the Preliminary Approval Date, with approval by the Court.

65.     Neither this Agreement nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any party to this Agreement or any Releasee or evidence of any fact or matter in this Action or in any related actions or proceedings, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Agreement.

66.     Neither Solvay nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

67.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the Releasees.

68. Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, and Releasees any right or remedy under or by reason of this Agreement.

69. This Agreement shall be binding upon, and inure to the benefit of, the successors, and assigns of the parties hereto including, without any limitation, any successor or assignee of any claims Plaintiffs may have against any Releasee.

70. If any provision of this Agreement is found by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, the remainder of this Agreement will not be <~~effected~~>**affected**, and in lieu of each provision that is found illegal, invalid or unenforceable, a provision will be added as a part of this Agreement that is as similar to the illegal, invalid or unenforceable provision as may be legal, valid and enforceable.

71. All terms of this Agreement and the exhibits hereto shall be governed and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

72. Any disputes between or among Solvay, Plaintiffs and any Class Member concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

73. This Agreement may be executed in counterparts by counsel for Plaintiffs and Solvay, and a facsimile signature shall be deemed an original signature for purpose of executing this Agreement.

74. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: April __, 2009

_______________________________
Francis O. Scarpulla
**ZELLE HOFFMAN VOEBEL MASON & GETTE LLP**
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Tel.: 415-693-0700
Fax: 415-693-0770

W. Gordon Ball
**BALL & SCOTT**
550 Main Avenue, Suite 601
Knoxville, TN 37902
Tel.: 865-525-7028
Fax: 865-525-4679

_______________________________
William H. Parish
**PARISH & SMALL**
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207
Tel.: 209-952-1992
Fax: 209-952-0250

EXECUTION VERSION

Co-Lead Counsel for Plaintiffs

29

**EXECUTION VERSION**

Dated: April __, 2009

_______________________________
Robert A. Sacks
Adam S. Paris
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Tel.: 310-712-6600
Fax: 310-712-8800

Counsel for Defendants Solvay S.A., Solvay America, Inc. and Solvay Chemicals, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION** | **Civil Action No. 05-666** |
| | **MDL Docket No. 1682** |
| **THIS DOCUMENT RELATES TO: INDIRECT PURCHASER ACTIONS** | **CLASS ACTION** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, DIRECTING NOTICE TO SETTLEMENT CLASS MEMBERS AND SCHEDULING FAIRNESS HEARING**

**WHEREAS**, this Court has presided over these proceedings and has reviewed all pleadings, records and papers on file; and

**WHEREAS**, the Plaintiffs, on behalf of themselves and all others similarly situated in the United States who purchased Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate indirectly from any Defendant (or any of their subsidiaries or affiliates) named in the Second Consolidated Amended Class Action Complaint, as amended by Order entered February 6, 2006 (the "Complaint") in the above-captioned action (the "Action") (the "Settlement Class"); and

**WHEREAS**, the Plaintiffs and by and between defendants Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc. (collectively referred to herein as "Solvay") seek preliminary approval of the Settlement Agreement and Release (the "Agreement"), preliminary certification of the Settlement Class, and the approval of a form and manner of notice to the Settlement Class; and

**WHEREAS**, the Court has reviewed the Agreement and heard argument in favor of approving the proposed Agreement; and

**WHEREAS**, the Court has determined that inquiry should be made as to the fairness and adequacy of the proposed Agreement; and

**WHEREAS**, the Court has considered the reasonableness of proceeding with the proposed Agreement, and good cause appearing,

**NOW THEREFORE**, it is hereby **ORDERED** and **DECREED** as follows:

1. The Court finds that the proposed Agreement is sufficiently fair, reasonable and adequate to authorize publication of the Summary Notice, as proposed by Plaintiffs.

2. For purposes of this settlement only, the parties to the Agreement stipulate that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied in this case, and that, subject to Court approval, the following classes shall be certified for settlement purposes as to Solvay:

> Arizona Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Arizona from September 14, 1994 through January 5, 2005.
>
> California Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in California from September 14, 1994 through January 5, 2005.
>
> Nebraska Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Nebraska from September 14, 1994 through January 5, 2005.
>
> Tennessee Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Tennessee from September 14, 1994 through January 5, 2005.
>
> Vermont Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Vermont from September 14, 1994 through January 5, 2005.
>
> California Public-Entity Class: All public entities that indirectly purchased Hydrogen Peroxide in California from September 14, 1994 through January 5, 2005.
>
> The classes identified in subparagraphs (a) through (e) above all exclude public entities; Defendants; entities in which Defendants have a controlling interest; Defendants' employees, officers,

directors, or attorneys; Defendants' legal representatives, heirs, successors, or assigns; and judicial officers and jurors who may hear the case.:

3.    For purposes of this Order only, the Court preliminarily finds and concludes that certification of the proposed Settlement Class is appropriate under Rule 23 and federal law. Specifically, the Court finds and concludes that: (i) the Settlement Class Members are so numerous that joinder of all members thereof would be impractical; (ii) there is a commonality of interests between the Plaintiffs and the Settlement Class Members; (iii) there are questions of law and fact that are common to the Settlement Class and those common questions of law and fact predominate over any questions affecting only individual Settlement Class Members; (iv) the Plaintiffs' claims are typical of the claims of the Settlement Class Members; (v) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class Members; and (vi) a class action is the best means for protecting the interests of all of the Settlement Class Members and superior to all other available methods for the fair and efficient adjudication of this controversy.

4.    The proposed Notice satisfies the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and the requirements of due process and is hereby approved. Summary Notice of the proposed settlement and the fairness hearing date shall be provided by first class mail to persons identified by Solvay through its customer mailing lists for Hydrogen Peroxide for the time period covered by the class definition, insofar as such a list is reasonably available. The proposed Summary Notice satisfies the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and the requirements of due process and is hereby approved. Summary Notice shall be published once in one or more major circulation newspapers in each of the following states: Arizona, California, Nebraska, Tennessee and Vermont.

5. Class Counsel shall cause to be filed with the Clerk of the Court declarations of the person under whose general direction the publication of the approved Summary Notice was made, showing that such publication was made in accordance with this Order, which declarations shall be filed no later than 10 days before the date of the hearing on final approval of the Settlement (the "Fairness Hearing Date").

6. All requests for exclusion from the Settlement Class shall contain the required information and be made as specified in the Notice or Summary Notice and received within __ days of the date on which Notice is mailed or Summary Notice is published (the "Notice Date").

7. Plaintiffs and Solvay shall serve and file papers in support of the Agreement on or before __ days prior to the date of the Fairness Hearing Date. No later than __ days prior to the Fairness Hearing Date, Class Counsel shall submit to the Court a complete list of all Settlement Class Members who have timely sought exclusion and a complete list of all Settlement Class Members who have timely objected to the approval of the settlement.

8. Objections to the proposed Agreement shall be filed with the Clerk of the Court and served upon Class Counsel no later than __ days after the Notice Date. Class Counsel shall provide copies of all objections to the proposed Agreement to Solvay, if any, within five (5) days of receipt.

9. The parties may serve and file reply papers in further support of the Agreement and in response to any objections no later than __ days before the Fairness Hearing Date.

10. The Court will hold a hearing on ____________________, 2009, at __:00 _.m., in the United States District Court for the Eastern District of Pennsylvania to determine the fairness, reasonableness and adequacy of the proposed Agreement, and whether the proposed Agreement should be approved by the Court and final judgment entered thereon (the "Fairness

Hearing"). During this hearing, the Court shall consider all evidence and arguments necessary to evaluate the proposed Agreement, and shall also consider any application by Class Counsel for an award of attorney's fees, reimbursement of expenses and incentive payments, if any, to the named Plaintiffs. The hearing may be continued without further notice to the Settlement Class.

**ENTER** this ______ day of ____________________, 2009.

______________________________________

United States District Judge

APPROVED:

______________________________

Francis O. Scarpulla
ZELLE HOFFMAN VOEBEL MASON
& GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Tel.: 415-693-0700
Fax: 415-693-0770

Gordon Ball
BALL & SCOTT LAW OFFICES
Suite 601, Bank of America Center
550 Main Street
Knoxville, TN 37902
Tel.: 865-525-7028
Fax: 865-525-4679

William H. Parish
PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207
Tel.: 209-952-1992
Fax: 209-952-0250

*Co-Lead Counsel for Plaintiffs*

______________________________

Robert A. Sacks
Adam S. Paris
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Tel.: 310-712-6600
Fax: 310-712-8800

*Counsel for Defendants Solvay S.A., Solvay America, Inc. and Solvay Chemicals, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION** | **Civil Action No. 05-666** |
| | **MDL Docket No. 1682** |
| **THIS DOCUMENT RELATES TO: INDIRECT PURCHASER ACTIONS** | **CLASS ACTION** |

**[PROPOSED] FINAL JUDGMENT**

Defendants Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc. (collectively referred to herein as "Solvay") and Plaintiffs having executed and filed a Settlement Agreement and Release ("Agreement") (the recitals and definitions of which are incorporated by reference herein); the Court having heretofore entered an Order preliminarily approving the proposed Agreement, which conditionally certified the Settlement Class, preliminarily approved the proposed Agreement, directed the dissemination of first class mail and publication notice to the Settlement Class, and scheduled a hearing to determine whether the proposed settlement should be approved as fair, reasonable, and adequate; said notice having been given; a hearing having been held on ________________, 2009, at which all interested persons were given an opportunity to be heard; the Court having read and considered all submissions filed in connection with the proposed settlement, and having reviewed and considered the record herein;

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED** that:

1. This Court has jurisdiction over the subject matter of this lawsuit and all parties to the lawsuit.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that certification of the proposed Settlement Class is appropriate.

Specifically, the Court finds and concludes that: (i) the Settlement Class Members are so numerous that joinder of all members thereof would be impractical; (ii) there is a commonality of interests between the named Plaintiffs and Settlement Class Members; (iii) there are questions of law and fact which are common to the Settlement Class and those common questions of law and fact predominate over any questions affecting only individual Settlement Class Members; (iv) the Plaintiffs' claims are typical of the claims of the Settlement Class Members; (v) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class Members; and (vi) a class action is the best means for protecting the interests of all of the Settlement Class Members and superior to all other available methods for the fair and efficient adjudication of this controversy.    Counsel for the Settlement Class are adequate, qualified, experienced and competent to conduct this litigation and to protect the interests of the Settlement Class, and, in fact, have adequately represented the interests of the Settlement Class.

3.    Notice given to members of the Settlement Class was reasonably calculated under the circumstances to inform members of the Settlement Class of (i) the pendency of the class action, (ii) all material elements of the proposed Agreement, and (iii) the opportunity to exclude themselves from, object to, or comment on the Agreement and to appear at the Fairness Hearing. Such Notice was due, adequate, and sufficient, and complied fully with federal law, due process, and other applicable rules recognized by this Court.  A full opportunity has been afforded to Settlement Class Members to participate in the Fairness Hearing, and all Settlement Class Members and any other persons wishing to be heard have been heard.

4.    All Settlement Class Members who have not validly requested exclusion from the Settlement Class are bound by this Order and by the incorporated Agreement.

5. The Agreement and the fact of settlement are not an admission by Solvay, nor is this Order a finding of the validity of any claims in this lawsuit or of any wrongdoing by Solvay (as defined in the Agreement). Furthermore, neither this Order, the Agreement, nor any document referred to herein nor any action taken to implement the Agreement is, may be construed as, or may be used as, an admission by or against Solvay or any Settlement Class Member of any fault, wrongdoing or liability whatsoever. Entering into or implementing the Agreement and any negotiations or proceedings relating thereto shall not in any event be construed as, or deemed to be evidence of an admission or concession with regard to the denials or defenses by Solvay, and shall not be offered or received in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to (i) enforce the provisions of this Order, the Agreement, or any related agreement or release; or (ii) to support a related defense of *res judicata*, collateral estoppel, release or other theory of issue preclusion or similar defense.

6. The agreement embodied in the Settlement Agreement and Release with Solvay is fair, reasonable and adequate, and is hereby finally approved in all respects, and the Plaintiffs and Solvay are hereby directed to consummate and perform its terms.

7. The case is dismissed with prejudice and without costs with respect to Solvay (other than as set forth in the Agreement). The approval of the Agreement given by the Court and entry of this Order fully and without reservation releases and forever discharges Solvay, individually and collectively, from any and all manner of claims, actions, suits, liabilities, damages (whether compensatory, punitive or otherwise), and rights and causes of action, known or unknown, whether in law or equity, that any Plaintiff or any Settlement Class Member now

has or has ever had based upon the matters alleged (or which could have been alleged) in the Complaints in this lawsuit. Each Settlement Class Member hereby covenants and agrees that he/she shall not hereafter seek, and each hereby is enjoined from seeking, to establish liability against Solvay based, in whole or in part, upon any of the Released Claims.

8. Without affecting the finality of this Order, the Court reserves exclusive jurisdiction over: (a) the Notice and the Escrow Account; (b) the Agreement; (c) all matters relating to the allocation and distribution of the Settlement Fund; (d) all other matters relating to the implementation and enforcement of the Agreement.

9. Under federal law, the Court, in the interests of justice, there being no just reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees, that upon entry, it be deemed as a final judgment and appealable with respect to all claims by Settlement Class Members against Solvay, in accordance with the terms of the Agreement.

**ENTER** this ____ day of ___________________, 2009.

______________________________
United States District Judge

# If You Purchased Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate from September 14, 1994 to January 5, 2005 Please Read this Legal Notice

This notice is to inform you of a proposed partial Settlement between the Plaintiffs and Defendants Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc. (collectively referred to herein as "Solvay") in an action styled *In re: Hydrogen Peroxide Antitrust Litigation,* brought by Class Counsel on behalf of consumers of Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate in 5 states and public entities in California. The lawsuit, which is currently pending in the United States District Court for the Eastern District of Pennsylvania, relates to the pricing of Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate.

**Who Is Involved?**

You are a member of the Settlement Class and your rights are affected if you are a person who purchased indirectly (*i.e.*, other than from Solvay) Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate, including finished products made from Hydrogen Peroxide, Sodium Perborate, and Sodium Percarbonate, during the period from September 14, 1994 to January 5, 2005 (the "Class Period") in Arizona, California, Nebraska, Tennessee and Vermont (the "Class Jurisdictions").

"Hydrogen Peroxide" means a clear colorless inorganic liquid used primarily as a bleach or oxidizer. Hydrogen Peroxide is sold in aqueous solutions, typically 35%, 50%, or 70% by weight, in different grades or formulations specifically tailored for enhanced performance in a particular application of the product. Hydrogen Peroxide is used to manufacture Sodium Perborate and Sodium Percarbonate. Unless otherwise noted, under the settlement proposed, the term "Hydrogen Peroxide" includes Sodium Perborate and Sodium Percarbonate.

**Who Are the Defendants?**

Solvay S.A.; Solvay America, Inc.; and Solvay Chemicals, Inc. (collectively referred to herein as "Solvay")

**What Is the Litigation About?**

Plaintiffs allege that Solvay and others participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of Hydrogen Peroxide at artificially high levels, and/or to allocate markets and customers for the sale of those products, in violation of state laws. Solvay denies all claims of wrongdoing asserted by the Plaintiff.

**What Are the Terms of the Settlement?**

If the Settlement is approved by the Court and becomes effective, Solvay has agreed to pay $2,100,000.00 (Two Million One Hundred Thousand Dollars).

**What Are My Legal Rights?**

If you are a member of the Settlement Class and the Court approves the proposed Settlement and the Settlement becomes effective, you will be bound by all orders and judgments of the Court, and any claims you may have against Solvay for the conduct alleged in this action will be resolved and released.

*How to Exclude Yourself From the Settlement*

If you do not wish to be a member of the Settlement Class, you may exclude yourself by sending a letter or postcard, postmarked no later than ____________________ to the Clerk of the Court, ________________________________________. You must include your name, address, and telephone number and a statement that you wish to be excluded. You must also serve a copy of such statement by said date both upon Class Counsel: Mr. Francis O. Scarpulla, Zelle Hoffman Voebel Mason & Gette LLP, 44 Montgomery Street, Suite 3400 San Francisco, CA 94104; and upon Counsel for Solvay, Mr. Robert A. Sacks, Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, CA 90067.

*How to Object to the Settlement*

If you remain a member of the Settlement Class, you or your counsel have the right to appear before the Court and object to the Settlement. To do so, however, you must file with the Court a Notice of Intention to Appear and Object, stating your name, address and telephone number and describing the general nature of your objection(s) and serve a copy on Class Counsel: Mr. Francis O. Scarpulla, Zelle Hoffman Voebel Mason & Gette LLP, 44 Montgomery Street, Suite 3400 San Francisco, CA 94104; and upon Counsel for Solvay, Mr. Robert A. Sacks, Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, CA 90067. Objections must be filed and served by __________________.

*Fairness Hearing*

The Court will hold a hearing on ______________________________________ at _______ to determine if the proposed Settlement is fair, reasonable and adequate on at: ___________________________________________.