IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: HYDROGEN PEROXIDE | : | CIVIL ACTION NO. 05-666 |
| ANTITRUST LITIGATION | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | MDL DOCKET NO. 1682 |
| INDIRECT PURCHASER CLASS ACTION | : | |

ORDER

AND NOW, this 16th day of August, 2010, upon

consideration of class plaintiffs' third motion for preliminary

approval of their proposed settlement with defendants (a) Solvay

S.A., Solvay America, Inc., and Solvay Chemicals, Inc.; (b) Evonik

Degussa Corporation and Evonik Degussa GmbH; (c) EKA Chemicals,

Inc, Akzo Nobel, Inc. and Akzo Nobel Chemicals International B.V.,

(d) FMC Corporation; (e) Kemira Chemicals, Inc. and Kemira Oyj; and

(f) Arkema Inc. (f/k/a/ Atofina Chemicals, Inc.) (docket no. 703),

which the defendants do not oppose, it is hereby ORDERED that:

1.    The motion (docket no. 703) is GRANTED;

2.    The Court finds that the proposed settlement with

the defendants, as set forth in the Settlement Agreement between

the parties and subject to final determination following proper

notice and a fairness hearing, is sufficiently fair, reasonable and

adequate to authorize dissemination of notice to the following

settlement classes (the "Settlement Classes"), which the Court hereby certifies solely for the purpose of the proposed settlement with the defendants as follows:

(a) Arizona Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Arizona from January 1, 1994 through January 9, 2006;

(b) California Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in California from January 1, 1994 through January 9, 2006;

(c) Nebraska Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Nebraska from January 1, 1994 through January 9, 2006;

(d) Tennessee Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Tennessee from January 1, 1994 through January 9, 2006;

(e) Vermont Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Vermont from January 1, 1994 through January 9, 2006;

(f) California Public-Entity Class: All public entities that indirectly purchased Hydrogen Peroxide in California from January 1, 1994 through January 9, 2006;

2

3.    The classes identified in subparagraphs (a) through
(e) above all exclude public entities; the classes identified in
subparagraphs (a) through (f) exclude defendants; entities in which
any defendant has a controlling interest; defendants' employees,
officers, directors or attorneys; defendants' legal
representatives, heirs, successors or assigns; and judicial
officers and jurors who may hear the case;

4.    For purposes of settlement with the defendants and
on the basis of the entire record before the Court, and there being
no opposition to certification of the Settlement Classes presently
operative, the Court finds that the Settlement Classes fully comply
with the requirements of Fed. R. Civ. P. 23; specifically, the
Court finds (1) the Settlement Classes are so numerous that joinder
of all members is impracticable; (2) there are questions of law or
fact common to the Settlement Classes; (3) the claims or defenses
of the representative parties are typical of the claims or defenses
of the Settlement Classes; and (4) the representative parties will
fairly and adequately protect the interests of the class;
additionally, for purposes of settlement, the Court finds that one
or more of the subsections of Fed. R. Civ. P. 23(b) are also met,
including, but not limited to, finding that the questions of law or
fact common to class members predominate over any questions

3

affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;  the Court makes no determination, in accordance with <u>In re Warfarin Sodium Antitrust Litig.</u>, 391 F.3d 516, 529-30 (3d Cir. 2004), concerning the manageability of this action as a class action if the matter were to go to trial;

     5.    The Court approves the form and content of the (a) Notice of Proposed Settlement, Distribution of Approved Settlement Fund, and Request of Class Counsel for Attorneys' Fees and Expenses ("Notice"), attached hereto as Exhibit 1; (b) Summary Notice of Proposed Settlement, Distribution of Approved Settlement Fund, and Request of Class Counsel for Attorneys' Fees and Expenses ("Summary Notice"), attached hereto as Exhibit 2; and (c) Proof of Claim Regarding Indirect Purchaser Settlement, attached hereto as Exhibit 3[1];

     6.    The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances and is due and sufficient notice to all persons

---

[1] We expect the plaintiffs to amend these documents to reflect that the fairness hearing will convene in Courtroom 15B, not Courtroom 10B.

4

entitled thereto and complies fully with the requirements of Fed.
R. Civ. P. 23 and the due process requirements of the Constitution
of the United States;

7.    On or before August 23, 2010, to the extent not
previously provided to the plaintiffs, the defendants shall PROVIDE
to Class Counsel a list of potential indirect purchasers of
Hydrogen Peroxide for the time period and states covered by the
Class definitions, insofar as such a list is reasonably available,
which will be subject to any applicable protective order already or
hereafter entered in this action;

8.    On or before November 19, 2010, plaintiffs' counsel
shall FILE an application for reimbursement of expenses and an
award of attorneys' fees[2];

9.    On or before September 16, 2010 ("Notice Date"), the
Notice shall be MAILED by first class mail, postage prepaid, to all
public entities in the State of California; the Notice shall also
be MAILED by first class mail, postage prepaid, to any other
entities identified in any list of potential indirect purchasers
provided by the defendants and all persons who request it in

---

[2] We decline to set a maximum amount of expenses that
counsel may request in that application.

response to the published Summary Notice provided for in Paragraph 10 herein;

10.   On or before September 30, 2010, plaintiffs' counsel are hereby DIRECTED to cause the Summary Notice, in the form attached hereto as Exhibit 2, to be published on two occasions as soon as feasible after the Notice Date, in the following newspapers: San Francisco Chronicle, Los Angeles Times, San Diego Union Tribune, Sacramento Bee, Fresno Bee, Arizona Republic, Arizona Daily Star, Omaha World-Herald, Lincoln Journal-Star, Burlington Free Press, Memphis Commercial Appeal, Nashville Tennessean, and Knoxville News Sentinel; in addition, copies of the Notice shall be POSTED on the Internet Web site www.parishsmall.com;

11.   All requests for exclusion from the Settlement Classes must be sent by certified mail, return receipt requested, and be received on or before November 5, 2010 and must otherwise comply with the requirements set forth in the Notice;

12.   Any member of one or more Settlement Classes who objects to the settlement must do so in writing; the objection must include the caption of this case, be signed, and be received by the Court, Class Counsel and counsel for the defendants on or before

November 5, 2010 and shall otherwise comply with the requirements
set forth in the Notice;

13.  On or before November 19, 2010, plaintiffs' counsel
shall FILE with the Court and SERVE on the defendants the motion
for final approval of the Settlement Agreement;

14.  On or before November 19, 2010, plaintiffs' counsel
shall FILE with the Court and SERVE on the defendants affidavits or
declarations of the person under whose general direction the
mailing of the Notice and the publication of the Summary Notice
were made, showing that mailing and publication were made in
accordance with this Order;

15.  The Court will CONVENE a fairness hearing ("Fairness
Hearing") on December 3, 2010 at 2:00 p.m., in Courtroom 15B to
determine the fairness, reasonableness, and adequacy of the
proposed settlement with the defendants; any member of the
Settlement Classes who follows the procedure set forth in the
Notice may appear and be heard at this hearing; the Fairness
Hearing may be continued without further notice to the Settlement
Classes;

16.  Any member of the Settlement Classes who seeks to
appear and be heard at the Fairness Hearing shall by November 5,

7

2010 SEND a letter with that request to the Clerk of Court, Class Counsel, and counsel for the defendants;

17.    The Court APPROVES the establishment of a Settlement Fund as set forth in the Settlement Agreement; the Court RETAINS continuing jurisdiction over any issues regarding the formation or administration of the Settlement Fund; Class Counsel and their designees are AUTHORIZED to expend funds from the Settlement Fund to pay taxes, tax expenses and notice and administration costs, as set forth in the Settlement Agreement, with prior notice to the defendants;

18. Any proofs of claim shall be DUE by January 14, 2011;

19.    Gilardi and Co. LLC, 3301 Kerner Blvd., San Rafael, California 94901 is APPROVED to serve as Claims Administrator and is hereby bound by the terms of the Protective Order previously entered in this litigation; Class Counsel shall promptly PROVIDE Gilardi and Co. LLC with a copy of the Protective Order; and

20.    The litigation in this action is STAYED, pending further Order of the Court.

BY THE COURT:

Stewart Dalzell, J.

8

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | Civil Action No. 05-666 |
| | MDL Docket No. 1682 |
| THIS DOCUMENT RELATES TO INDIRECT PURCHASER ACTIONS | |

NOTICE OF PROPOSED SETTLEMENT, DISTRIBUTION OF
APPROVED SETTLEMENT FUND, AND REQUEST
OF CLASS COUNSEL FOR ATTORNEYS' FEES AND EXPENSES

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"), you are hereby notified, as set forth hereafter, that class representative plaintiffs ("Plaintiffs") have entered into a Settlement Agreement with Defendants Solvay S.A.; Solvay America, Inc. and Solvay Chemicals, Inc. ("Solvay"); Evonik Degussa Corporation formerly known as Degussa Corporation and Evonik Degussa GmbH ("Degussa"); EKA Chemicals, Inc., Akzo Nobel, Inc., and Akzo Nobel Chemicals International B.V. ("Akzo"); FMC Corporation ("FMC"); Kemira Chemicals, Inc. and Kemira Oyj ("Kemira"); and Arkema Inc. formerly known as Atofina Chemicals, Inc. ("Arkema") (all Defendants collectively referred to herein as "Settling Defendants").

You are further notified of a proposed distribution of funds to be derived from the Settlement once the Settlement has been approved by the Court, as well as a request by Plaintiffs' counsel ("Class Counsel") for an award of attorneys' fees and expenses.

PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY, AS IT EXPLAINS YOUR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT, HOW AND WHEN THE SETTLEMENT FUND WILL BE DISTRIBUTED, HOW AND WHEN YOU MUST SUBMIT A PROOF OF CLAIM FORM TO BE ELIGIBLE TO RECEIVE A SHARE OF THE SETTLEMENT FUND, HOW AND WHEN YOU MAY OBJECT TO THE SETTLEMENT AND HOW AND WHEN YOU MAY OPT OUT OF THE SETTLEMENT. IT ALSO EXPLAINS A REQUEST THAT CLASS COUNSEL WILL MAKE FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FROM THE SETTLEMENT FUND.

## I.    BACKGROUND OF THE LITIGATION

This lawsuit was filed by Plaintiffs as representatives of those who indirectly purchased in Arizona, California, Nebraska, Tennessee and Vermont at any time during

the period from January 1, 1994 through January 9, 2006 (the "Class Period") hydrogen peroxide, sodium perborate or sodium percarbonate produced by the Settling Defendants (or any of their subsidiaries or affiliates) ("Hydrogen Peroxide"). An "indirect purchase" of Hydrogen Peroxide is a purchase of product produced by one of the Settling Defendants but made through an intermediary, such as a distributor, rather than directly from a Settling Defendant  The Settling Defendants in the lawsuit are:  Solvay S.A.; Solvay America, Inc. and Solvay Chemicals, Inc. ("Solvay"); Evonik Degussa Corporation formerly known as Degussa Corporation and Evonik Degussa GmbH ("Degussa"); EKA Chemicals, Inc., Akzo Nobel, Inc., and Akzo Nobel Chemicals International B.V. ("Akzo"); FMC Corporation ("FMC"); Kemira Chemicals, Inc. and Kemira Oyj ("Kemira"); and Arkema Inc. formerly known as Atofina Chemicals, Inc. ("Arkema").

The lawsuit asserts that, as a result of the alleged conduct of the Settling Defendants, the prices paid for Hydrogen Peroxide produced by the Settling Defendants during the Class Period were higher than they otherwise would have been. The lawsuit seeks treble damages, injunctive relief; attorneys' fees and costs from Settling Defendants.

## A.    Proposed Settlement With Settling Defendants

Plaintiffs have entered into a proposed Settlement Agreement with Settling Defendants.

While Plaintiffs believe they have meritorious claims against Settling Defendants, each Settling Defendant vigorously denies any liability. The parties entered into the Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation.

Plaintiffs and Class Counsel have concluded that the Settlement with the Settling Defendants according to the terms of the Settlement Agreement is in the best interests of the members of the Settlement Classes (defined below), which are represented by the Plaintiffs.   Plaintiffs and Class Counsel have entered into the proposed Settlement Agreement after weighing the benefits of the Settlement against the probabilities of success or failure of the lawsuit against Settling Defendants.  The Settlement described in this Notice was reached after arms-length negotiations.

The Court has certified classes for settlement purposes (the "Settlement Classes"), which are defined as follows:

> (a)    Arizona Class:  All persons and business entities that indirectly purchased Hydrogen Peroxide in Arizona from January 1, 1994 through January 9, 2006.
>
> (b)    California Class:  All persons and business entities that indirectly purchased Hydrogen Peroxide in California from January 1, 1994 through January 9, 2006.

      (c)     <u>Nebraska Class</u>: All persons and business entities that indirectly purchased Hydrogen Peroxide in Nebraska from January 1, 1994 through January 9, 2006.

      (d)     <u>Tennessee Class</u>: All persons and business entities that indirectly purchased Hydrogen Peroxide in Tennessee from January 1, 1994 through January 9, 2006.

      (e)     <u>Vermont Class</u>: All persons and business entities that indirectly purchased Hydrogen Peroxide in Vermont from January 1, 1994 through January 9, 2006.

      (f)     <u>California Public-Entity Class</u>: All public entities that indirectly purchased Hydrogen Peroxide in California from January 1, 1994 through January 9, 2006.

The classes identified in subparagraphs (a) through (e) above all exclude public entities. The classes identified in subparagraphs (a) through (f) exclude Settling Defendants; entities in which any Settling Defendant has a controlling interest; Settling Defendants' employees, officers, directors, or attorneys; Settling Defendants' legal representatives, heirs, successors, or assigns; and judicial officers and jurors who may hear the case.

      The Court has certified the Settlement Classes solely for the purpose of settling potential claims against Settling Defendants. No class of plaintiffs is certified in this litigation for any purpose other than the proposed Settlement.

## B.    Terms Of Proposed Settlement With Settling Defendants

      Under the proposed Settlement, Settling Defendants have agreed to pay the following individual amounts:

| Solvay | $2,100,000 |
|--------|------------|
| Degussa | $ 950,000 |
| Akzo | $ 675,000 |
| FMC | $ 250,000 |
| Kemira | $ 225,000 |
| Arkema | $ 0 |

      Each Settling Defendant has paid its individual amount and Class Counsel has deposited the total $4.2 million payment in a fully-insured deposit account.

      Under the Settlement Agreement, a $50,000 opt-out credit will be allocated among Degussa, Akzo, FMC and Kemira for each business or government entity that opts out of the Settlement and which has $2,000,000 or more of Hydrogen Peroxide purchases during the Class Period. If more than four (4) such business or government entities opt-out of this settlement, Plaintiffs may, but are not required to, withdraw from

the settlement with any defendant that does not agree to cap its credit at the amount it would have received had only four (4) such business or government entities opted out.

The portion of the Settlement Fund that will be distributed to eligible business and governmental members of the Settlement Classes who submit a valid and timely Proof of Claim form is that portion (the "Net Settlement Funds") that remains after deduction of: distribution to charities in the amount of $166,130 for the indirect benefit of individual class members; notice and administration costs, including the fees and costs of the Claims Administrator that may hereafter be approved by the Court; any expenses that the Court may award; any attorneys' fees and expenses that may hereafter be awarded to Class Counsel; and any opt out credit for Defendants Degussa, Akzo, FMC and Kemira as described above. The amount of attorneys' fees and expenses that Class Counsel will request the Court to award is described in Section V. below.

To settle claims of consumer class members, $166,130 shall be distributed to not-for-profit organizations and governmental entities that promote competition in the marketplace, work for consumer protection or which otherwise would benefit consumer Class Members, as approved by the Court.

The above is only a summary of the basic terms of the proposed Settlement. You should rely on the precise terms and conditions of the Settlement Agreement, and not merely this summary of the basic terms, in evaluating the Settlement and your rights and options with respect thereto.

The full Settlement Agreement is on file and may be examined or copied during regular business hours at the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106. Copies of the Settlement Agreement are also available from Plaintiffs' counsel identified in this Notice and at www.parishsmall.com.

PLEASE DO NOT TELEPHONE THE COURT REGARDING ANY INQUIRIES CONCERNING THE PROPOSED SETTLEMENT.

## II.   CONSEQUENCES OF SETTLEMENT CLASS MEMBERSHIP—OPTION TO REQUEST EXCLUSION FROM THE SETTLEMENT CLASSES

If you come within the definition of one or more of the Settlement Classes, you are a member of those Settlement Classes and have the following options:

A. You May Do Nothing and Remain a Member of One or More of the Settlement Classes. If you are a member of one or more of the Settlement Classes and wish to remain a member, you do not have to do anything. If you choose to take no action, your interests as a member of a Settlement Class will be represented by the Plaintiffs and Class Counsel. You will be bound by the terms of the Settlement Agreement and by any final judgment that may be entered.

As a member of a Settlement Class, you will not be responsible for attorneys' fees or litigation expenses.

In addition, if the Court grants final approval of the Settlement Agreement, you will be bound by the terms of that agreement and by any judgment entered in accordance with it.

There is no need to do anything now other than complete and return a Proof of Claim on or before_____, unless you wish to exclude yourself from the Settlement Classes or to object to the Settlement described herein, the distribution of the Settlement Fund, or the application of Class Counsel for attorneys' fees and expenses described in this Notice. Along with this Notice, you have been sent a Proof of Claim that you will need to complete if you wish to share in the proceeds of the proposed Settlement. If you submit a valid and timely proof of claim, your share of the distribution will be as set forth below under the heading "Distribution of Settlement Fund."

B. You May Remain A Member of One or More of the Settlement Classes and Hire Your Own Attorney to Represent You At Your Own Expense. If you are a member of one or more of the Settlement Classes and do not wish to be represented by the Plaintiffs and Class Counsel, you may enter an appearance through your own attorney. To do so, your attorney must file a Notice of Appearance with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, and send a copy of the Notice of Appearance to counsel for the Plaintiffs and Defendants who are identified at the end of this Notice. You will then continue, as a member of the Settlement Classes with representation by your own attorney, and you will be responsible for the fees and costs of that attorney.

C. You May Request Exclusion from One or More of the Settlement Classes: If you elect to exclude yourself from the Settlement Classes, you must mail a written request identifying the Settlement Class from which you wish to be excluded to the Clerk of the Court c/o Settlement Administrator at the following address: Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, CA 94901, Phone: (800) 654-5763. The written request for exclusion must include the full name of the purchaser, including any predecessor or successor entities, and your address, the dollar amount of purchases made by the purchaser of Hydrogen Peroxide in Arizona, California, Nebraska, Tennessee and Vermont during the period from January 1, 1994 through January 9, 2006, and specifically state that you request exclusion from the Settlement Classes. The written request for exclusion must be sent by certified mail, return receipt requested, and be received no later than _____, 2010 **[50 days after notice is mailed]**. If you elect to be excluded from a Settlement Class and the proposed Settlement with respect to that Settlement Class is finally approved, you will not be entitled to share in the proceeds of that settlement and will remain free to pursue any legal rights you may have against the Settling Defendants.

D. You May Object. If you are a member of one or more of the Settlement Classes and do not elect exclusion from a given Settlement Class, you may object to the

terms of the Settlement Agreement, the distribution of the approved Settlement Fund or the application for attorneys' fees and expenses described in this Notice. To do so, you must mail a written objection, including a statement of the nature and grounds for your objection to the Clerk of the Court at the following address: 601 Market Street, Philadelphia, Pennsylvania 19106, and copies of any objections must also be mailed to Class Counsel and counsel for Defendants listed at the end of this Notice. The written objection must include the caption of this litigation, be signed, and be received no later than _____ _____ _____ _____.

## III.   **EFFECT OF THE SETTLEMENT**

The Settlement Agreement is intended to settle and contains a release of all claims that the Settlement Classes, as indirect purchasers of Hydrogen Peroxide in Arizona, California, Nebraska, Tennessee and Vermont, have asserted or could have asserted arising out of any act or omission that is the subject matter of the lawsuit. The Release is set forth in the Settlement Agreement, which is on file with the Clerk of the Court and which is also available from Class Counsel identified in this Notice and at www.parishsmall.com. If you do not exclude yourself from a Settlement Class, you (and your respective past and present parents, subsidiaries, successors, affiliates, and agents, heirs, successors, administrators and assigns) will be deemed to have entered into the corresponding release if the Settlement is approved by the Court and becomes effective. If you remain in a Settlement Class, you may not, after the Effective Date, seek to institute, maintain, prosecute or continue to maintain or prosecute any suit, action or other proceeding, or collect from or proceed against the Settling Defendants and other Releasees based on the Released Claims.

If the Settlement is approved by the Court and the approval become final, the Settlement will be consummated on the terms set forth in the Settlement Agreement as described herein, and the litigation as to the Settling Defendants will be completed in its entirety. If the proposed Settlement is not approved by the Court or does not become final for some other reason, the litigation shall continue against any Settling Defendant(s) whose Settlement Agreement is not approved or does not become final.

## IV.   **DISTRIBUTION OF THE SETTLEMENT FUND**

If the Settlement receives final approval, the Settlement Fund will be distributed to members of the Settlement Classes who are eligible to receive a share of the Settlement Fund as described in this Notice. If you exclude yourself from one or more of the Settlement Classes, you will not be able to share in the approved Settlement Fund with respect to those classes. PLEASE NOTE THAT, IN ORDER TO BE ELIGIBLE TO RECEIVE A SHARE OF THE SETTLEMENT PROCEEDS, ELIGIBLE CLASS MEMBERS MUST COMPLETE AND SUBMIT A PROOF OF CLAIM FORM BY_____, AS SPECIFIED IN THE ACCOMPANYING PROOF OF CLAIM FORM.

A. The portion of the Settlement Fund that will be distributed to eligible business and governmental members of the Settlement Classes who submit a valid and timely Proof of Claim form is that portion (the "Net Settlement Funds") that remains after deduction of: distribution to charities in the amount of $166,130 for the indirect benefit of individual class members, notice and administration costs, including the fees and costs of the Claims Administrator that may hereafter be approved by the Court; any expenses that the Court may award; any attorneys' fees and expenses that may hereafter be awarded to Class Counsel; and any opt out credit for Defendants Degussa, Akzo, FMC and Kemira as described above. The amount of attorneys' fees and expenses that Class Counsel will request the Court to award is described in Section V. below.

B. The Net Settlement Funds will be distributed pro-rata to each eligible member of the Settlement Classes who submits a valid and timely Proof of Claim based on its total "Recognized Claim."

> (i) The "Recognized Claim" for indirect purchases of Hydrogen Peroxide in Arizona, California, Nebraska, Tennessee and Vermont during the period January 1, 1994 through January 9, 2006 shall be equal to the dollar amount of the Settlement Class Member's purchases of Hydrogen Peroxide in the Settlement Class Member's state during that period.
>
> (ii) Only indirect purchases (indirect purchases do not include purchases from the defendants or from another manufacturer) of Hydrogen Peroxide may be claimed.
>
> (iii) For purposes of distribution, the Settlement Classes will be treated as a single class, so that each eligible member who files a recognized claim will receive a pro rata share of the Settlement Fund based on Recognized Claims filed by eligible members of all Settlement Classes.

C. The Net Settlement Fund will be distributed to eligible business and governmental Settlement Class members on a pro rata basis among all Settlement Class members who submit valid and timely claims. In other words, each Settlement Class member shall be paid the percentage of the Net Settlement Fund that each Settlement Class member's Recognized Claim bears to the total of the Recognized Claims of all Settlement Class members who have submitted valid and timely proof of claim forms.

## V. APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Class Counsel intend to file an application for reimbursement of expenses and an award of such attorneys' fees as the court may award not to exceed 30% of the Settlement Fund ("Fee Petition"), prior to any applicable reduction. The Fee Petition will also

include a request by Class Counsel to be reimbursed for disbursements for litigation expenses, not to exceed $_____.

The Fee Petition will be filed with the Court on or before _____, 2010 and will be available for inspection in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106. The Fee Petition is also available through the Claim Administrator or Class Counsel.

## VI.    HEARING

The Court will hold a hearing at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Courtroom 10B, Philadelphia, Pennsylvania 19106, on_____ 2010, at (a.m./p.m.), with respect to the motion of Class Counsel for final approval of the Settlement with Settling Defendants, the distribution of the approved Settlement Funds, and the request by Class Counsel for an award of attorneys' fees and expenses to be paid from the approved Settlement Fund as described above. The Hearing may be continued without further notice. It is not necessary for you to appear at the Hearing unless you wish to be heard.

You may ask the Court for permission to speak at the Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Hydrogen Peroxide Antitrust Litigation*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____ ___, and be sent to the Clerk of the Court, Class Counsel and counsel for Defendants at the addresses listed below.

## VII.   NOTICE TO ATTORNEYS OF RECORD

Copies of all documents filed with the Clerk of the Court should be sent to each of the following counsel:

William H. Parish
PARISH & SMALL
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207

Francis O. Scarpulla
ZELLE HOFFMAN VOEBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, California 94104

Gordon Ball, TN BPR # 001135
BALL & SCOTT LAW OFFICES
Suite 601, Bank of America Center

550 Main Street
Knoxville, TN 37902

*Co-Lead Counsel for Plaintiffs*

Robert A. Sacks
Adam S. Paris
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
*Counsel for Solvay*

Daniel G. Swanson
GIBSON DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071

Reid J. Allred
GIBSON DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
*Counsel for Akzo*

Michael Antalics
William T. Buffaloe
O'Melveny & Myers LLP
1625 Eye Street NW
Washington, D.C. 20006-4001
*Counsel for Evonik Degussa Corporation
and Evonik Degussa GmbH*

Joseph A. Tate
Christine C. Levin
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*Counsel for FMC*

Jeffrey S. Cashdan
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
*Counsel for Kemira*

Steven E. Bizar

Buchanan Ingersoll & Rooney PC
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
*Counsel for Arkema*

## VIII. **CHANGE OF ADDRESS**

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to the Claims Administrator at _____.

Dated:_____, 2010.

PLEASE DO NOT TELEPHONE THE COURT REGARDING ANY INQUIRIES CONCERNING THIS NOTICE.

_____

Clerk of Court
United States District Court
for the Eastern District of Pennsylvania

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | Civil Action No. 05-66 <br><br> MDL Docket No. 1682 |
| THIS DOCUMENT RELATES TO INDIRECT PURCHASER ACTIONS | |

SUMMARY NOTICE OF PROPOSED SETTLEMENT, DISTRIBUTION
OF APPROVED SETTLEMENT FUND, AND REQUEST
OF CLASS COUNSEL FOR ATTORNEYS' FEES AND EXPENSES

**IF YOU PURCHASED HYDROGEN PEROXIDE, SODIUM PERBORATE, OR
SODIUM PERCARBONATE FROM JANUARY 1, 1994 THROUGH JANUARY 9,
2006, PLEASE READ THIS LEGAL NOTICE**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the Eastern District of
Pennsylvania dated_____, 2010, that a Fairness Hearing will be held on
_____, 2010, before the Honorable Stewart Dalzell, United States District Court
for the Eastern District of Pennsylvania, at 601 Market Street, Philadelphia, PA 19106.
The Fairness Hearing is to determine whether a proposed settlement of the above-
captioned class action with Defendants should be approved by the Court as fair,
reasonable and adequate, and whether the class action against the Defendants should be
dismissed with prejudice. In addition, the Court will consider the request of counsel to
the class representative plaintiffs ("Class Counsel") relating to distribution of the
Settlement Fund, as well as the requests of Class Counsel for an award of attorneys' fees
and reimbursement of expenses that have been advanced and incurred in connection with
the prosecution of this litigation.

**PLEASE DO NOT CONTACT THE COURT OR
THE CLERK'S OFFICE FOR INFORMATION.**

**Who is Involved?**
You are a member of a Settlement Class if you indirectly purchased hydrogen peroxide,
sodium perborate, or sodium percarbonate manufactured by a Settling Defendant
("Hydrogen Peroxide") and sold in Arizona, California, Nebraska, Tennessee or Vermont
from January 1, 1994 to January 9, 2006 and you are not excluded as described below.
The Settling Defendants are:  Solvay S.A.; Solvay America, Inc. and Solvay Chemicals,

Inc. ("Solvay"); Evonik Degussa Corporation formerly known as Degussa Corporation and Evonik Degussa GmbH ("Degussa"); EKA Chemicals, Inc., Akzo Nobel, Inc., and Akzo Nobel Chemicals International B.V. ("Akzo"); FMC Corporation ("FMC"); Kemira Chemicals, Inc. and Kemira Oyj ("Kemira"); or Arkema Inc. formerly known as Atofina Chemicals, Inc. ("Arkema") (collectively "Settling Defendants").

The term "indirectly purchased" means that you did not buy Hydrogen Peroxide directly from any Settling Defendant, but instead purchased Hydrogen Peroxide from an intermediary.

IF YOU ARE A MEMBER OF A SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO A SETTLEMENT AWARD.

## Who is Excluded From Being a Member of a Settlement Class?

Public entities in states other than California are excluded. Settling Defendants; entities in which any Settling Defendant has a controlling interest, Settling Defendants' employees, officers, directors, or attorneys, Settling Defendants' legal representatives, heirs, successors, or assigns, and judicial officers and jurors who may hear the case are also excluded.

## Who are the Settling Defendants?

Settling Defendants Solvay S.A.; Solvay America, Inc. and Solvay Chemicals, Inc. ("Solvay"); Evonik Degussa Corporation formerly known as Degussa Corporation and Evonik Degussa GmbH ("Degussa"); EKA Chemicals, Inc., Akzo Nobel, Inc., and Akzo Nobel Chemicals International B.V. ("Akzo"); FMC Corporation ("FMC"); Kemira Chemicals, Inc. and Kemira Oyj ("Kemira"); and Arkema Inc. formerly known as Atofina Chemicals, Inc. ("Arkema")

## What is this Litigation About?
Plaintiffs alleged that the Settling Defendants participated in an unlawful conspiracy to fix, maintain or stabilize the price of Hydrogen Peroxide in violation of California, Tennessee, Arizona, Nebraska and Vermont law. The lawsuit asserts that, as a result of the alleged conduct of the Settling Defendants, the prices paid for Hydrogen Peroxide during the Class Period were higher than they otherwise would have been. Settling Defendants deny Plaintiffs' allegations, and deny that this lawsuit should be certified as a class action.

## What are the Terms of the Settlement?
The Court has preliminarily approved the settlement which calls for the Settling Defendants to pay as follows: Solvay - $2,100,000; Degussa - $950,000; Akzo - $675,000; FMC - $250,000, Kemira - $225,000; Arkema - $0, for a total of $4.2 million. Each Settling Defendant is responsible only for its individual share stated above.

Settling Defendants Degussa, Akzo, Kemira and FMC also have the right to receive a credit (up to a collective total of $200,000) for opt outs, as more fully set forth in the Settlement Agreement.

The amount paid in settlement by Settling Defendants after deduction for payment of any (1) court-ordered attorneys' fees, (2) reimbursement of litigation expenses as approved by the Court, (3) expenses of providing notice to the Settlement Classes and of administering and distributing the settlement fund (including tax-related expenses and (4) opt out refund will be paid as follows: a portion of the Settlement Fund ($166,130) will be distributed to not-for-profit organizations and government entities that promote competition in the marketplace, work for consumer protection, or which otherwise would indirectly benefit consumer Class members as approved by the Court. The remainder will be distributed to business and government class members who submit valid claims based upon the class members' percentage of total purchases.

Class Counsel intend to file an application for an award of attorneys' fees and reimbursement of expenses ("Fee Petition") for such fees as the Court may award but not to exceed 30% of the Settlement Fund, prior to any applicable reduction. The Fee Petition will also include a request by Class Counsel to be reimbursed for disbursements for litigation expenses, not to exceed $_____.

The Fee Petition will be filed with the Court on or before _____, 2010 and will be available for inspection in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106. The Fee Petition is also available through the Claim Administrator at Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, CA 94901, Phone: (800) 654-5763, www.gilardi.com or Class Counsel.

**What are My Rights?**

     1. You May Do Nothing and Remain a Member of a Settlement Class. If you are a member of a Settlement Class and wish to remain a member, you do not have to do anything. If you choose to take no action, your interests as a member of one or more of the Settlement Classes will be represented by the Plaintiffs and Class Counsel. You will be bound by the terms of the Settlement Agreement and by any final judgment that may be entered.

     In order to receive a portion of the Settlement Fund, you must complete and return a Proof of Claim on or before_____. Claim Forms are available by contacting the Claim Administrator at Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, CA 94901, Phone: (800) 654-5763, www.gilardi.com or at www.parishsmall.com. PLEASE NOTE THAT YOU MUST SUBMIT A PROOF OF CLAIM FORM ON OR BEFORE_____, 2010, IN ORDER TO BE ELIGIBLE TO RECEIVE A SHARE OF THE SETTLEMENT FUND.

     2. You May Remain A Member of One or More of the Settlement Classes and Hire Your Own Attorney to Represent You At Your Own Expense. If you do not wish to

be represented by the Plaintiffs and Class Counsel, you may enter an appearance through your own attorney. To do so, your attorney must file a Notice of Appearance with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106, and send a copy of the Notice of Appearance to counsel for the Plaintiffs and Defendants who are identified at the end of this Notice. You will then continue, as a member of the Settlement Classes with representation by your own attorney, and you will be responsible for the fees and costs of that attorney.

3. You May Request Exclusion from the Settlement Classes: If you elect to exclude yourself from one or more of the Settlement Classes, you must mail a written request identifying the Settlement Class from which you wish to be excluded to the Clerk of the Court c/o Settlement Administrator at the following address: Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, CA 94901, Phone: (800) 654-5763. The written request for exclusion must include the full name of the purchaser, including any predecessor or successor entities, and your address, the dollar amount of purchases of Hydrogen Peroxide made by the purchaser in Arizona, California, Nebraska, Tennessee and Vermont during the period from January 1, 1994 through January 9, 2006, and specifically state that you request exclusion from one or more of the Settlement Classes. The written request for exclusion must be sent by certified mail, return receipt requested, and be received no later than _____, 2010 **[50 days after notice is mailed]**. If you elect to be excluded from a Settlement Class and the proposed Settlement is finally approved, you will not be entitled to share in the proceeds of the Settlement and will remain free to pursue any legal rights you may have against the Settling Defendants.

4. You May Object. If you are a member of one or more of the Settlement Classes and do not elect exclusion from a given Settlement Class, you may object to the terms of the Settlement Agreement prior to final approval, the distribution of the approved settlement funds or the application for attorneys' fees and expenses described in this Notice. To do so, you must mail a written objection, including a statement of the nature and grounds for your objection to the Clerk of the Court to the following address: 601 Market Street, Philadelphia, Pennsylvania 19106. Copies of any objections must also be mailed to Class Counsel and counsel for Defendants listed at the end of this Notice. The written objection must include the caption of this litigation, be signed, and be received no later than _____.

You may request a copy of the Settlement Agreement or direct questions about the lawsuit or the settlement in writing to Class Counsel at the following addresses: **William H. Parish,** PARISH & SMALL, P.C, 1919 Grand Canal Blvd., Suite A-5, Stockton, California 95207, Tele: 209-952-1992, Fax: 209-952-0250; **Francis O. Scarpulla,** ZELLE HOFFMAN VOEBEL & MASON LLP, 44 Montgomery Street, Suite 3400, San Francisco, California 94104, Tele: 415-693-0700, Fax: 415-693-0770; **W. Gordon Ball,** BALL & SCOTT LAW OFFICES, Suite 601, 550 Main Street Knoxville, TN 37902, Tele: 865-525-7028, Fax: 865-525-4679.

Defense Counsel are:    Robert A. Sacks, Adam S. Paris. SULLIVAN & CROMWELL LLP, 1888 Century Park East, Los Angeles, California 90067, *Counsel for Solvay;* Daniel G. Swanson, GIBSON DUNN & CRUTCHER LLP, 333 South Grand Ave., Los Angeles, CA 90071 and Reid J. Allred, GIBSON DUNN & CRUTCHER LLP 1801 California Street, Denver, CO  80202-2642, *Counsel for Akzo;* Michael Antalics and William T. Buffaloe, O'Melveny & Myers LLP, 1625 Eye Street NW, Washington, D.C. 20006-4001; *Counsel for Degussa;* Joseph A. Tate and Christine C. Levin, DECHERT LLP, Cira Centre, 2929 Arch Street Philadelphia, PA 19104, *Counsel for FMC;* Jeffrey S. Cashdan, KING & SPALDING LLP, 1180 Peachtree Street, NE, Atlanta, GA  30309-3521, *Counsel for Kemira;* Steven E. Bizar, Buchanan Ingersoll & Rooney PC, 50 South 16th Street, Suite 3200, Philadelphia, PA  19102-2555, *Counsel for Arkema.*

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: HYDROGEN PEROXIDE ANTITRUST LITIGATION | Civil Action No. 05-666 |
| | MDL Docket No. 1682 |
| THIS DOCUMENT RELATES TO INDIRECT PURCHASER ACTIONS | |

PROOF OF CLAIM REGARDING INDIRECT PURCHASER SETTLEMENT

PLEASE READ THIS ENTIRE FORM CAREFULLY

This claim form relates to a proposed settlement between the Settlement Classes and Defendants as described in the accompanying Notice of Proposed Settlement, Distribution of Approved Settlement Fund and Application for an Award of Attorneys' Fees and Expenses ("Notice").

As described more fully in the Notice, if the proposed Settlement with the Defendants is approved by the Court, Plaintiffs will seek permission from the Court to distribute the settlement proceeds, less (1) any amounts that may be awarded by the Court for attorneys' fees and expenses as set forth in the Notice, (2) a $166,130 distribution to charities for the indirect benefit of individual consumers who suffered very small monetary losses and whose identity would be difficult, if not impossible, to determine, (3) expenses of providing notice to the Settlement Classes and of administering and distributing the settlement fund (including tax-related expenses), and (4) any opt-out credit for Defendants as described in the Notice ("Net Settlement Funds").

The Net Settlement Funds will then be distributed to members of the Settlement Classes described in the Notice who submit a valid and timely proof of claim on or before _____, 2010.

If you are a member of a Settlement Class, you may be entitled to share in the distribution of the Net Settlement Funds. To receive your share of the Net Settlement Funds, you must submit a timely and valid Proof of Claim in accordance with these instructions.

YOU MUST FILE THE ATTACHED PROOF OF CLAIM WITH THE CLAIMS ADMINISTRATOR ON OR BEFORE _____, 2010 TO SHARE IN THE SETTLEMENTS. THE PROOF OF CLAIM MUST BE SIGNED BY YOU, A DULY AUTHORIZED OFFICER, OR OTHER AUTHORIZED AGENT OF THE

CLAIMANT AND MUST CLEARLY IDENTIFY THE NAME AND POSITION OF THE PERSON SIGNING.

FOR THE PURPOSE OF COMPLETING THIS FORM, HYDROGEN PEROXIDE INCLUDES SODIUM PERBORATE AND SODIUM PERCARBONATE MANUFACTURED BY THE DEFENDANTS ("HYDROGEN PEROXIDE").

| 1. What is included in the Proof of Claim? |
| --- |

The Proof of Claim contains several sections. It includes the Identity of the Claimant, the Contact Person, Schedule of Hydrogen Peroxide Purchases, Trade Names and Years Used, Purchases Made on Behalf of Another Entity, Other Locations (Including Affiliates and Subsidiaries), Proof of Purchases, Basis for Estimates, Claims Based Upon Assignment or Transfer, a Certification, and a Substitute Form W-9. All must be completed, if applicable, and returned to the Claims Administrator. Please type or neatly print all requested information.

The Schedule of Hydrogen Peroxide Purchases is for you to complete with the amount of your indirect Hydrogen Peroxide purchases in Arizona, California, Nebraska, Tennessee and Vermont during the period January 1, 1994 through January 9, 2006. ("Class Period").

The Certification contains statements to be certified as true.

The Substitute Form W-9 requires the submission of a federal taxpayer identification number.

The information in the sections entitled "Identity of Claimant" and "Contact Person," will be used to communicate with you. If you fail to complete that information, including the name, address, telephone number and e-mail address of the person to be contacted, you will make it difficult, if not impossible, for us to send you a check for your share of the settlement.

| 2. Am I eligible to participate in the Settlement Fund? |
| --- |

You are eligible to submit this Proof of Claim seeking to share in the distribution of the Net Settlement Funds in this litigation if you have not excluded yourself from the Settlement Classes and if you fit one or more of the following descriptions:

> (a) Arizona Class: All persons and business entities that indirectly purchased Hydrogen Peroxide in Arizona from January 1, 1994 through January 9, 2006.

    (b)    <u>California Class</u>:  All persons and business entities that indirectly purchased Hydrogen Peroxide in California from January 1, 1994 through January 9, 2006.

    (c)    <u>Nebraska Class</u>:  All persons and business entities that indirectly purchased Hydrogen Peroxide in Nebraska from January 1, 1994 through January 9, 2006.

    (d)    <u>Tennessee Class</u>:  All persons and business entities that indirectly purchased Hydrogen Peroxide in Tennessee from January 1, 1994 through January 9, 2006.

    (e)    <u>Vermont Class</u>:  All persons and business entities that indirectly purchased Hydrogen Peroxide in Vermont from January 1, 1994 through January 9, 2006.

    (f)    <u>California Public-Entity Class</u>:  All public entities that indirectly purchased Hydrogen Peroxide in California from January 1, 1994 through January 9, 2006.

The classes identified in subparagraphs (a) through (e) above all exclude public entities. The classes identified in subparagraphs (a) through (f) exclude Defendants; entities in which any Defendant has a controlling interest; Defendants' employees, officers, directors, or attorneys; Defendants' legal representatives, heirs, successors, or assigns; and judicial officers and jurors who may hear the case.

---

**3.  What if I received more than one Proof of Claim?**

---

You may receive more than one Proof of Claim if you used more than one billing address, more than one delivery address or more than one trade name. Whether or not you receive more than one Proof of Claim, you should complete only one Proof of Claim and list all applicable trade names and addresses.

---

**4.  What if I purchased for more than one entity or at more than one location?**

---

Each business or public entity making a claim must submit its claim on a separate Proof of Claim. You should list all applicable names and addresses for each company for which you are filing a claim.

---

**5.  What do I have to do?**

---

You must complete this Proof of Claim pursuant to these instructions and sign the Certification and Substitute Form W-9. A claim may be submitted on a photocopy of this Proof of Claim form.

You should then return the Proof of Claim to the Claims Administrator. Do not send your Proof of Claim to the Court or to any of the parties or their counsel.

The address, telephone number and website for the Claims Administrator are:

Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA 94901
Phone: (800) 654-5763
www.gilardi.com

You should keep a copy of what you send for your file. You should also retain any records you have concerning purchases of Hydrogen Peroxide in Arizona, California, Nebraska, Tennessee and Vermont from January 1, 1994 through January 9, 2006.

Your response must be sent by _____, 2010.

Failure to complete all applicable parts of this Proof of Claim may result in denial of the claim, may delay processing the claim, or may otherwise adversely affect the claim.

| 6. Do I need assistance to fill out my Proof of Claim? |

NO. THERE ARE COMPANIES THAT MAY WRITE OR CALL CLASS MEMBERS UPON LEARNING OF A PENDING CLASS ACTION DISTRIBUTION AND OFFER TO HELP CLASS MEMBERS FILE CLAIM FORMS IN EXCHANGE FOR A SHARE OF THE MONEY THAT THE CLASS MEMBERS MAY ULTIMATELY RECOVER. YOU DO NOT NEED TO USE ONE OF THESE COMPANIES. ASSISTANCE IS AVAILABLE FROM THE CLAIMS ADMINISTRATOR AND CLASS COUNSEL (IDENTIFIED BELOW AT 18) AT NO COST TO YOU.

| 7. Will I receive confirmation of receipt of my Proof of Claim? |

The Claims Administrator will confirm the receipt of your claim in writing. Please do NOT assume that your claim has been filed until you receive confirmation, in writing, from the Claims Administrator. If you do not receive confirmation that your Proof of Claim has been filed within 30 days of your mailing the Proof of Claim, please contact the Claims Administrator toll free at (800) 654-5763.

| 8. What if my contact information changes? |

Until the distributions have been concluded, if your contact information should change, please keep the Claims Administrator advised of any change in your current mailing address by mail at the address above.

9. What information is to be completed on the Schedule of Hydrogen Peroxide Purchases?

The Schedule of Hydrogen Peroxide Purchases has space for you to fill in your indirect purchases of Hydrogen Peroxide manufactured by one of the Defendants, which purchase occurred in Arizona, California, Nebraska, Tennessee and Vermont during the period from January 1, 1994 through January 9, 2006. You should state the total dollars you paid for purchases of Hydrogen Peroxide manufactured by each Defendant. Purchases of Hydrogen Peroxide manufactured by a non-Defendant should not be included. If purchases of Hydrogen Peroxide manufactured by a non-Defendant are included, these purchases will be stricken from your claim. In providing the dollar amount of purchases, rebates and discounts must be included and sales taxes must be excluded. Remember that an indirect purchase means buying Hydrogen Peroxide manufactured by one of the Defendants, but not purchased directly from one of the Defendants.

10. What proof of purchases are required?

The Proof of Purchases section only requires a detailed explanation of your available documentation - such as invoices, purchase orders, account statements or extracts of books and records -that supports your claimed purchases. The documentation is not required to be submitted with this Proof of Claim.

HOWEVER, AS YOUR CLAIM IS SUBJECT TO AUDIT BY THE CLAIMS ADMINISTRATOR, YOU MAY, AT A LATER TIME, BE REQUIRED TO PROVIDE ALL OR A PORTION OF THE UNDERLYING DOCUMENTATION SUPPORTING YOUR CLAIM. THEREFORE, PLEASE RETAIN THE DOCUMENTATION SUPPORTING YOUR CLAIM UNTIL THE CONCLUSION OF THIS LITIGATION. FAILURE TO PROVIDE SUCH REQUESTED INFORMATION MIGHT DELAY, ADVERSELY AFFECT, OR RESULT IN DENIAL OF YOUR CLAIM.

11. What if I do not have records of my purchases?

When records are **not** available you may submit purchase information based on estimates, but your estimates may be accepted or rejected. If you do submit your purchase information based on estimates, you must provide an adequate explanation as to why documents are not available to you, the steps taken to locate the information, and why the estimation is reasonable. In the explanation of how you calculated the estimated purchases, you must identify the documents you used as a basis for your estimates. Estimations can be based on extrapolation from similar circumstances in the same year

(for which you have documentation) or extrapolation from the same or nearly the same circumstances in other years (for which you have documentation). For example, if you have no records allowing you to calculate your purchases in 1998, you may calculate those purchases by using available records, dated as close as possible (e.g., 1997 or 1999). If you are using purchase data and trends to estimate your purchases, you must explain in detail your calculations and retain the documentation used for your calculation until the conclusion of this litigation. It is important that you identify all the records upon which you rely for estimates. The acceptance or rejection of your claim may depend on the type and quality of the information upon which you rely and the methodology you use making your estimates.

12. What happens if there is disagreement about my purchases of Hydrogen Peroxide?

We may verify or audit all or any portion of your Proof of Claim. We may ask for all or a portion of the backup documentation for your claim. If we disagree with the amounts on your Schedule of Hydrogen Peroxide Purchases, we will send you a writing stating the disagreement. If we cannot resolve the disagreement, then, if necessary, it will be brought before the Court for resolution.

13. What happens after there is agreement on the amount of my purchases of Hydrogen Peroxide?

IF WE ACCEPT THE INFORMATION ON YOUR SCHEDULE OF HYDROGEN PEROXIDE PURCHASES, THEN THOSE AMOUNTS WILL BE BINDING FOR PURPOSES OF ANY DISTRIBUTION FROM THE NET SETTLEMENT FUNDS.

14. What is the Plan of Distribution of the Settlement Fund?

The Plan of Distribution is described in the NOTICE OF PROPOSED SETTLEMENTS, DISTRIBUTION OF APPROVED SETTLEMENT FUND, AND REQUEST OF CLASS COUNSEL FOR ATTORNEYS' FEES AND EXPENSES, which is available from Class Counsel or the Claims Administrator.

15. When will I be paid?

All Proofs of Claim must be sent to the Claims Administrator by _____, 2010. The Proofs of Claim must be reviewed and any disputes resolved. When all disputes are resolved, distributions will be made. There is no way at this time to predict with certainty when the distributions will be made.

16. What if I do not return a Proof of Claim?

IF YOU DO NOT SUBMIT A PROOF OF CLAIM POSTMARKED ON OR BEFORE
_____, WE WILL NOT INCLUDE ANY CLAIM ON YOUR BEHALF
FROM THE NET SETTLEMENT FUNDS AND YOU WILL NOT SHARE IN THE
NET SETTLEMENT FUNDS. However, you will still be bound by the judgments
entered in this case and you will be barred from commencing any action on your own
behalf against the Defendants for the claims involved in this class action.

| 17. What if I fail to complete the Certification? |
| --- |

The Certification must be signed by a duly authorized officer or agent of the Claimant. If
you fail to sign and return the Certification, we will not include any claim on your behalf
from the Settlement Fund.

| 18. Where can I get additional information? |
| --- |

You may contact the Claims Administrator at:

Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA 94901
Phone: (800) 654-5763
www.gilardi.com

Class Counsel will also be pleased to answer any questions you have. They are:

William H. Parish
**PARISH & SMALL**
A Professional Law Corporation
1919 Grand Canal Blvd., Suite A-5
Stockton, California 95207
Tele: 209-952-1992
Fax: 209-952-0250

Francis O. Scarpulla
**ZELLE HOFFMAN VOEBEL & MASON LLP**
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Tele: 415-693-0700
Fax: 415-693-0770

Gordon Ball
**BALL & SCOTT LAW OFFICES**
Suite 601, Bank of America Center
550 Main Street
Knoxville, TN 37902
Tele: 865-525-7028
Fax: 865-525-4679

You may also contact your own attorney or other person to assist you at your own expense.

## PROOF OF CLAIM
## HYDROGEN PEROXIDE ANTITRUST LITIGATION

### IDENTITY OF CLAIMANT

Indicate below the Claimant's name and mailing address. Please note: Correspondence concerning your claim will be directed to you at your mailing address. If the following address changes subsequent to your submitting this Proof of Claim, you should notify the Claims Administrator promptly.  Later in this Proof of Claim you will be asked to identify additional locations covered by this Proof of Claim.

Name: _____
_____

Street Address: _____
_____

City: _____     State: _____     Zip: _____

Country: _____

(___)_____     (___)_____     (___)_____
Area Code Telephone No.(day)     Area Code Telephone No.(evening)     Area Code Fax Number

E-Mail Address: _____

Claimant is a (check one):
☐ Corporation          ☐ Partnership          ☐ LLC          ☐ Estate
☐ Governmental Entity     ☐ Trustee in Bankruptcy     ☐ Sole Proprietorship
☐ Other (specify, and provide the name and address of the person or entity on whose behalf you are acting):

### CONTACT PERSON

Indicate below the person to be contacted regarding this claim and the person's telephone numbers.

Name: _____

(___)_____     (___)_____     (___)_____
Area Code Telephone No.(day)     Area Code Telephone No.(evening)     Area Code Fax Number

E-Mail Address: _____

If it is different from the claimant's address stated above, provide the contact person's address:

Street Address: _____
_____

City: _____     State: _____     Zip: _____

YOU MUST NOTIFY THE CLAIMS ADMINISTRATOR OF ANY CHANGE IN THE ADDRESSES AND TELEPHONE NUMBERS STATED ABOVE.

## SCHEDULE OF HYDROGEN PEROXIDE PURCHASES

On the following table, list the dollar amount (in U.S. dollars) of your indirect purchases of Hydrogen Peroxide (defined as hydrogen peroxide, sodium perborate, or sodium percarbonate manufactured by the Defendants) during the Class Period in the states of Arizona, California, Nebraska, Tennessee and Vermont. Purchased indirectly means from a distributor or other seller, but not purchased directly from the manufacturer. If you do not know the identity of the manufacturer of the Hydrogen Peroxide, please include the purchase in the "unknown" column. If you did not purchase Hydrogen Peroxide during a particular year, write "none."

| | UNKNOWN | AKZO[1] | ARKEMA[2] | DEGUSSA[3] | FMC[4] | KEMIRA[5] | SOLVAY[6] | TOTALS |
|---|---|---|---|---|---|---|---|---|
| 1994 | | | | | | | | |
| 1995 | | | | | | | | |
| 1996 | | | | | | | | |
| 1997 | | | | | | | | |
| 1998 | | | | | | | | |
| 1999 | | | | | | | | |
| 2000 | | | | | | | | |
| 2001 | | | | | | | | |
| 2002 | | | | | | | | |
| 2003 | | | | | | | | |
| 2004 | | | | | | | | |
| 2005 | | | | | | | | |
| 1/1/06 – 1/9/06 | | | | | | | | |
| TOTALS | | | | | | | | |

[1]     Akzo means Eka Chemicals, Inc., Akzo Nobel Chemicals International B.V., and Akzo Nobel, Inc.
[2]     Arkema means Arkema, Inc. formerly known as Atofina Chemicals, Inc. formerly known as Elf Atochem North America, Inc., formerly known as Atochem North America, Inc.
[3]     Degussa means Evonik Degussa Gmbh and Evonik Degussa Corporation formerly known as Degussa Corporation.
[4]     FMC means FMC Corporation.
[5]     Kemira means Kemira Chemicals, Inc. and Kemira Oyj
[6]     Solvay means Solvay America, Inc., Solvay Chemicals, Inc., and Solvay S.A. and former subsidiary Solvay Interox, Inc.

## TRADE NAMES AND YEARS USED

Please list the trade names under which you have operated and purchased Hydrogen Peroxide and the dates the trade names were used. If you need more space, you should attach a separate sheet in the same format as this schedule and list the names and dates under the heading TRADE NAMES AND YEARS USED. Please put your name in the top right-hand corner of all separate sheets.

## PURCHASES MADE ON BEHALF OF ANOTHER ENTITY

If you made purchases on behalf of other entities, please list the names and addresses of those entities below. If you need more space, you should attach a separate sheet in the same format as this schedule and list the names and addresses under the heading PURCHASES MADE ON BEHALF OF ANOTHER ENTTIY. Please put your name in the top right-hand corner of all separate sheets.

## OTHER LOCATIONS (INCLUDING AFFILIATES AND SUBSIDIARIES)

If you bought for locations or used a billing or delivery address other than the location listed in the Identity of Claimant section above, list the name and address of all those locations below. If you need more space, you should attach a separate sheet in the same format as this schedule and list the names and addresses under the heading OTHER LOCATIONS (INCLUDING AFFILIATES AND SUBSIDIARIES). Please put your name in the top right hand corner of all separate sheets.

_____
_____
_____
_____
_____
_____

## PROOF OF PURCHASES

Please list and identify below those records (e.g., invoices, purchase journals, accounts payable journals, etc.) used by you to calculate your claimed purchases in the Schedule of Hydrogen Peroxide Purchases. If you need more space, you should attach a separate sheet in the same format as this schedule and list the records under the heading PROOF OF PURCHASES. Please put your name in the top right-hand corner of all separate sheets.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**As your claim is subject to audit by the Claims Administrator, you may, at a later time, be required to provide all or a portion of the underlying documentation supporting your claim. Therefore, please retain the documentation supporting your claim until the conclusion of this litigation.**

## BASIS FOR ESTIMATES

If you based your claim on estimates, explain why the purchase information was not available, the steps taken to locate the information, the basis for the estimate and list and identify those records (e.g., invoices, purchase journals, sales journals, accounts payable journals, etc.) used by you as the basis of your estimates. If you need more space, you should attach a separate sheet in the same format as this schedule and continue your explanation under the heading BASIS FOR ESTIMATES. Please put your name in the top right-hand corner of all separate sheets.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## CLAIMS BASED UPON ASSIGNMENT OR TRANSFER

If the claimant on whose behalf this claim is being submitted acquired the rights that are the basis of the claim from some other person or entity (as assignee, transferee, successor or otherwise), please check the box below and attach copies of legal documents in support of the acquisition of such rights.

☐      Yes – This claim is based upon an assignment or transfer, and I have attached copies of supporting legal documents.

## CERTIFICATION

(1)      I have reviewed the completed Proof of Claim, and it is true and complete to the best of my knowledge and information and is based on claimant's records. If there are estimated purchases on the Schedule of Hydrogen Peroxide Purchases, I have provided a written explanation of why the information was not available, the steps taken to locate the information, and the basis for the estimate, all of which is true to the best of my knowledge and information.

(2)      Claimant is asserting its claim based on indirect purchases listed in the Schedule of Hydrogen Peroxide Purchases, which will be the basis of any recovery for its claim.

(3)      I have the authority to execute this Certification on behalf of the Claimant.

(4)      Unless indicated otherwise in this Proof of Claim, Claimant did not timely opt out of the class action.

I HEREBY SWEAR UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS CLAIM FORM IS TRUE AND CORRECT, TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Dated: _____     _____
                             SIGNATURE

                             _____
                             PRINTED NAME OF PERSON SIGNING FOR CLAIMANT

                             _____
                             TITLE OR POSITION OF PERSON SIGNING

                             _____
                                    PRINTED NAME OF CLAIMANT

## SUBSTITUTE I.R.S. FORM W-9
## REQUEST FOR TAXPAYER IDENTIFICATION AND CERTIFICATION

Name: _____

A sole proprietor must write his/her individual name, but can also write the business or a "doing business as" name.

Check the appropriate box:

☐ Corporation           ☐ Partnership           ☐ LLC        ☐ Estate
☐ Governmental Entity          ☐ Trustee in Bankruptcy      ☐ Sole Proprietorship
☐ Other (specify, and provide the name and address of the person or entity on whose behalf you are acting):

      Enter your Taxpayer Identification Number ("TIN") below. For individuals, this is your Social Security number ("SSN"). If you are a sole proprietor, you may enter either your SSN or your Employer Identification Number ("EIN"). For other types of entities, enter your EIN.

   — — — - — — - — — —    or    — — - — — — — — — — — —
     Social Security Number          Employer Identification Number

If you are exempt from backup withholding, enter your TIN above and write "exempt" on the following line: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED OR POSTMARKED NOT LATER THAN _____ _____, 2010 AND MUST BE MAILED TO:

Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA 94901
Phone: (800) 654-5763

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted if mailed by _____, 2010, if a postmark is indicated on the envelope and it is mailed first-class and addressed in accordance with the above instructions. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all the Proofs of Claim and to administer the settlement. This work will be completed as promptly as time permits given the need to investigate and tabulate each Proof of Claim.

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the Proof of Claim on page ___ and the Substitute Form W-9 on page ___.
2. Please be sure that **all** required information has been provided.
3. Keep a copy of the completed Proof of Claim, any attachments and all supporting documentation for your records.
4. The Claims Administrator will confirm the receipt of your claim in writing. Please do NOT assume that your claim has been filed until you receive confirmation, in writing, from the Claims Administrator. If you do not receive confirmation that your Proof of Claim has been filed, within thirty (30) days of your mailing the Proof of Claim, please contact the Claims Administrator toll free at _____.
5. If you move after submitting your Proof of Claim, please send the Claims Administrator your new address.
6. If you have any questions concerning this Proof of Claim or need additional copies, contact the Claims Administrator at:

Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, CA 94901
Phone: (800) 654-5763
www.gilardi.com